CLARENCE LUBBEN, Petitioner-Appellee, v. MARILYN LUBBEN, Respondent-Appellant.

First District (4th Division)   No. 84—1421

Opinion filed July 11, 1985.—Rehearing denied August 28, 1985.

Botti, Marinaccio & Maksym, Ltd., of Oak Brook (Aldo E. Botti, Walter P. Maksym, Jr., and Stephen R. Botti, of counsel), for appellant.

Kevin J. Karey, of LaGrange (Catherine L. Grahn, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Respondent, Marilyn Lubben, appeals from an order of the circuit court of Cook County, filed May 11, 1984 (the 1984 order), denying her requests for (1) an evidentiary hearing on the value of a pension plan, part of a judgment of dissolution, and (2) the vacation or modification of a previous order concerning the same issue, filed April 19, 1982 (the April 1982 order). Respondent contends, *inter alia*, that the 1984 order was final and appealable, from which she filed a timely notice of appeal. Petitioner, Clarence Lubben, contends that the April 1982 order was final and appealable, in addition to other issues on the merits. Thus, he argues, the trial court lacked jurisdiction to issue the 1984 order and, since respondent filed her notice of appeal more than 30 days after entry of the 1982 order, this court lacks jurisdiction to hear the appeal.

We dismiss the appeal.

The record shows that the trial court entered a judgment of dissolution between respondent and petitioner on February 18, 1982. The judgment awarded one-half of petitioner's pension to respondent. On April 19, 1982, the trial court entered an order denying respondent's petition for reconsideration, but allowed her to present evidence on the value of the pension within 30 days of the entry of the order. Approximately two years later, respondent filed a second motion entitled "Motion to Reconsider and/or Vacate and to Set Hearing Date," which the trial court denied on May 11, 1984. Respondent appeals from the 1984 order.

■■ The timely filing of a notice of appeal is jurisdictional. (87 Ill. 2d R. 301; *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 1053, 401 N.E.2d 973, 977.) Failure to file a timely notice of appeal requires an appellate court to dismiss the appeal for lack of jurisdiction. Under Supreme Court Rule 303 (87 Ill. 2d R. 303), a notice of appeal must be filed within 30 days after entry of a final judgment or within 30 days after the entry of an order disposing of a timely-filed post-trial motion. *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 164-65, 415 N.E.2d 1060, 1062.

The April 1982 order provided, in pertinent part, as follows:

"(1) *** [T]he Petition for Reconsideration is denied as to all

issues save that of the value of Petitioner's pension.

(2) *** [T]his court will hear evidence on said issue within 30 days of the entry of this order; that if said evidence is not presented within 30 days then the Petition for Reconsideration as to the issue of the value of Petitioner's pension shall be denied."

The 1984 order denying respondent's second motion provided, in part, as follows:

"(2) The court finds that the motion to vacate and reconsider par. (2) of the order of April 19, 1982 was timely filed.

* * *

(4) *** [T]he Motion to Vacate and Reconsider the par. (2) of the order of April 19, 1982 be and the same is hereby denied; without prejudice to Marilyn Lubben's right to seek valuation of her pension rights under paragraph N of the Divorce Decree upon the retirement or commencement of pension benefits."

Respondent contends that the April 1982 order was not final and appealable because it was prospective; the trial court never denied the petition for reconsideration. Respondent bases her contention on the language of the April 1982 order and the trial court's 1984 order holding that she filed her second motion timely. Petitioner contends that when respondent failed to present the court with evidence of the value of the pension, she abandoned her petition to reconsider and the order became final on the date it was entered, April 19, 1982. Therefore, respondent's notice of appeal, filed approximately two years later, was untimely.

We agree with petitioner. The record shows that the trial court warned respondent that the April 1982 order would be final and appealable if she failed to present evidence on the value of the pension. The record further shows, and both parties agree, that respondent attempted no discovery regarding the pension and filed no motions requesting the court to extend the time in which to submit evidence on the pension's value.

■ We find that the April 1982 order disposed of the pension issue clearly on its face and was not merely prospective. Respondent's failure to present the required evidence within 30 days of the order's entry caused the order to become final and appealable. A trial court relinquishes jurisdiction over a matter once 30 days have passed following the entry of a final and appealable order concerning that matter if during that time neither party has taken any legally proper action that delays the 30-day period. (*Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d

1060, 1063.) The 1984 order was, therefore, a nullity because the trial court lost jurisdiction to reconsider its April 1982 order. *Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 497, 431 N.E.2d 461, 464.

Respondent also contends that the April 1982 order was not final and appealable because the valuation of the pension remained pending. We have defined a "final order" as follows:

> "An order of court which leaves a cause still pending and undecided is not a final order. [Citation.] Such an order is neither final nor appealable, despite the court's special finding that the order is final for purposes of appeal. [Citation.] Thus, the test of finality lies in the substance and not the form of the order. [Citations.]
>
> To be final and appealable, an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. [Citations.] A final order for the purposes of appeal must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.] Such an order, therefore, will finally determine, fix, and dispose of the parties' rights as to the issues made by the suit." *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458, 460-61.

Respondent contends that the rights of the parties to the pension were not disposed of with finality, certainty, and clarity until the 1984 order. Conversely, petitioner contends that the April 1982 order disposed of the rights of the parties on the entire controversy, leaving nothing pending nor remaining, except the execution of the judgment order.

Paragraph N of the judgment of dissolution states as follows:

> "N. *** [T]he respondent shall receive as and for her interest in the Petitioner's pension plan, one-half of the percentage of any eventual pension payouts allocable to the years of service during their marriage, namely October 1950, to and including the date of this decree."

Contrary to respondent's assertion that the trial court left pending the whole distribution of the pension plan, the record shows that the court made a present, mathematical allocation to respondent that she can calculate at any time. The court awarded respondent half of petitioner's pension, whatever the amount, allocable to the years during the marriage, when it is eventually paid out. Although the April 1982 order allowed respondent to present evidence on the value of the

pension, the allocation of the pension was definite and complete. We hold that the April 1982 order was a final order.

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

JIGANTI, P.J., and LINN, J., concur.