*In re* MARRIAGE OF PHILLIP R. HILLINGER, Petitioner and Counter-respondent-Appellant, and GWENDOLYN HILLINGER, Respondent and Counterpetitioner-Appellee.

First District (4th Division)   No. 84—2991

Opinion filed May 1, 1986.—Rehearing denied June 5, 1986.

John O. Demaret & Associates, of Chicago (John O. Demaret, of counsel), for appellant.

William E. Ray, Jr., of Minocqua, Wisconsin, for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

This is an appeal from a denial by the circuit court of Cook County of a motion for reconsideration of a judgment of dissolution of marriage. The motion for reconsideration was filed by petitioner on October 16, 1984, to set aside and vacate a property-settlement agreement favoring respondent which was incorporated in a judgment of dissolution entered August 16, 1984. Petitioner's motion was denied by the circuit court as untimely filed. On appeal, petitioner contends that: (1) his motion to reconsider was timely filed; and (2) the trial court erred in failing to enforce the settlement agreed to by the parties on August 19, 1983.

We affirm the decision of the trial court.

BACKGROUND

The procedural history leading up to this appeal is as follows:

On October 9, 1981, petitioner, Phillip Hillinger (Phillip), filed in the circuit court of Cook County a petition for dissolution of his 25-year marriage to respondent, Gwendolyn Hillinger (Gwendolyn). Gwendolyn, in turn, filed a countersuit against Phillip on October 23, 1981. During the following two years, both parties participated in discovery, and on May 16, 1983, trial commenced. The trial was subsequently continued for further proceedings on May 26, 1983, August 15, 1983, and August 18, 1983.

On the August 18 date, at the urging of the trial judge, the parties agreed to discuss the possibility of a settlement, although all previous attempts to resolve the dispute had been unsuccessful. At that time, the parties conducted negotiations outside of the presence of the trial court and later informed the judge that they had reached an accord. The trial court then advised the parties to take a day to reflect upon their agreement, and set a prove-up hearing for the next day.

On the morning of August 19, 1983, the parties signed a hand-written document embodying the terms of their settlement agreement. The document listed the material provisions of the agreement between the parties including the disposition of marital property, maintenance, payment of outstanding marital debts, as well as payment of Gwendolyn's medical insurance premiums and attorney fees. During the prove-up hearing, both Phillip and Gwendolyn testified that each freely entered into the settlement agreement, and that each was satisfied with the settlement provisions.

After hearing the testimony of both parties, the trial court ordered that a written judgment of divorce incorporating the terms of the settlement agreement be drafted for entry. On September 8, 1983,

counsel for Phillip presented to the trial court the draft written judgment order as requested. Gwendolyn, however, then opposed entry of the draft order. Consequently, the trial court granted Phillip's request for leave to file the draft judgment order of dissolution, and further granted Gwendolyn leave to file within 10 days her objections to entry of the judgment of dissolution.

Gwendolyn filed her written objections to entry of the judgment on September 21, 1983. On October 3, 1983, a hearing was held on these objections. On October 20, 1983, the trial court sustained Gwendolyn's objections and denied Phillip's petition for entry of the judgment order embodying the terms of the settlement agreement. The court's order further indicated that the trial which had commenced on May 16, 1983, would continue on December 6, 1983. Phillip's appeal from this order was denied by this court on December 7, 1983, for the reason that the order was not final and appealable.

Subsequently, the trial court on various dates resumed the trial and took evidence in this case, rendering its decision dividing the bulk of the marital assets on July 25, 1984. On August 16, 1984, the trial court entered judgment of dissolution referring to exhibits "A" through "E" which were to be submitted to the trial court for attachment to the judgment order within 24 hours. Exhibits "A" and "B" consisted of the legal description of two parcels of land owned by the parties: one in Northbrook, Illinois, the other in Minocqua, Wisconsin; exhibits "C1" and "C2" listed the personal property items contained in the parties' Northbrook home which were awarded to Gwendolyn; exhibit "D" listed the personal property items in the parties' Minocqua home awarded to Phillip; and exhibit "E" listed the marital debts to be paid by Phillip.

On September 13, 1984, Gwendolyn moved to compel attachment of the exhibits which had not yet been attached to the judgment order. This motion was heard on September 21, 1984, at which time, over objection of Gwendolyn's counsel, the trial court entered an order tendered by Phillip's counsel attaching the exhibits to the judgment *nunc pro tunc* August 17, [*sic*] 1984.[1]

Thereafter, on October 16, 1984, Phillip filed a motion to reconsider the judgment entered in this case. This motion was denied on November 14, 1984, as not being timely filed. Phillip subsequently filed with the circuit court a notice of appeal from the orders entered

---

[1]Although the order tendered to the trial court specified that it was *nunc pro tunc* August 17, 1984, we take judicial notice that the judgment of dissolution was actually entered on August 16, 1984.

on September 21, 1984, and November 14, 1984, and this appeal followed.

OPINION

I

The threshold question before us is whether Phillip's appeal was timely filed, as a timely filing of a notice of appeal is a necessary prerequisite for our jurisdiction to obtain. Phillip posits that this appeal is properly before this court. We, however, agree with Gwendolyn's position that Phillip filed neither a timely motion to reconsider, nor a timely notice of appeal in this case.

A

Illinois Supreme Court Rule 301 (87 Ill. 2d R. 301) provides that the timely filing of a notice of appeal is jurisdictional. If a timely notice of appeal is not filed, the appellate court is required to dismiss the appeal for want of proper jurisdiction. (*Lubben v. Lubben* (1985), 135 Ill. App. 3d 302, 481 N.E.2d 856.) Illinois Supreme Court Rule 303 (87 Ill. 2d R. 303) requires that notice of appeal be filed within 30 days after entry of a final judgment or within 30 days after entry of an order disposing of a timely filed post-trial motion (87 Ill. 2d R. 303(a)(1)).

In the instant case, Phillip's notice of appeal was filed on December 6, 1984. As delineated above, whether this notice of appeal was timely filed depends on whether it was filed within 30 days of either the final judgment or entry of an order disposing of a timely filed post-trial motion.

We note from the record that a judgment for dissolution of the Hillingers' marriage was entered in this case on August 16, 1984. This judgment provided that certain "Exhibits 'A' through 'E' " evidencing the division of the marital estate were to be attached to the judgment order within 24 hours of entry of judgment, and thereby incorporated into the Hillingers' divorce judgment. When attachment did not occur as ordered by the trial court on September 13, 1984, Gwendolyn filed her petition to compel attachment of the exhibits. On September 21, 1984, pursuant to an order drafted by counsel for Phillip, the exhibits evidencing the disposition of the parties' property rights and the division of debts were attached *nunc pro tunc* August 16, 1984, this judgment being final and appealable as of that date. Thereafter, Phillip filed his motion for reconsideration on October 19, 1984, more than 60 days after entry of the August 16 judgment.

### B

Clearly, the question becomes one of determining when exactly the final order was entered in this case. Phillip contends that the final order was entered on September 21, 1984, when the trial court compelled attachment of exhibits "A" through "E" to the August 16 judgment. Under this assumption, Phillip's October 16 motion to reconsider was clearly filed within 30 days of entry of the final judgment as required by Supreme Court Rule 303 (87 Ill. 2d R. 303). Thus, Phillip's motion to reconsider would have been timely, and therefore improperly denied by the trial court on November 14, 1984. Consequently, this would cause his notice of appeal to this court, filed 23 days after entry of the November 14 order, to also be timely filed.

Gwendolyn, on the other hand, contends that the judgment order entered on August 16 is the final order in this case. Under her interpretation, Phillip's October 16, 1984, motion to reconsider was not timely filed because it was not filed within 30 days of August 16. Further, Gwendolyn contends that her September 13 petition to compel attachment of exhibits was a timely filed post-trial motion which was disposed of on September 21, 1984. Consequently, since Phillip filed his notice of appeal more than 30 days after disposition of this allegedly timely post-trial motion, Gwendolyn argues that his appeal must be dismissed as untimely filed.

Upon reviewing the record, we are convinced that the order entered on August 16, 1984, is the final order in this case, and we are compelled to find that Phillip's motion to reconsider and his notice of appeal were not timely filed.

■ A "final order" has previously been defined by this court as follows:

> " 'An order of court which leaves a cause still pending and undecided is not a final order. [Citation.] Such an order is neither final nor appealable, despite the court's special finding that the order is final for purposes of appeal. [Citation.] Thus, the test of finality lies in the substance and not the form of the order. [Citations.]
>
> To be final and appealable, an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. [Citations.] A final order for the purposes of appeal must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.] [Citations.] Such an order, therefore, will finally determine, fix, and dispose of the parties' rights as to the issues made by the

suit.' [Citation.]" *Lubben v. Lubben* (1985), 135 Ill. App. 3d 302, 305, 481 N.E.2d 856.

Here, Phillip contends that the substantive rights of the parties were not disposed of with finality, certainty and clarity until the entry of the September 21, 1984, order directing the attaching of the exhibits and incorporating them into the August 16, 1984, dissolution judgment. Phillip posits that the August judgment was "interlocutory," and that it is immaterial that his draft order adopted by the trial court entered the exhibits *nunc pro tunc* August 16, 1984. Although we agree with Phillip that the trial court's designation of the August 16, 1984, order as final and appealable does not in and of itself automatically make it a final and appealable order. (See *Nogacz v. Proctor & Gamble Manufacturing Co.* (1975), 37 Ill. App. 3d 636, 652, 347 N.E.2d 112), our examination of these exhibits within the context of the entire record leads us to the conclusion that attachment of these exhibits on September 21, 1984, did not alter the rights and liabilities of either party as established on August 16, 1984.

The record in this case discloses that, although the substantive property rights of the parties were not delineated or enumerated in the August 16 judgment order, they nevertheless were determined at that date and the parties had vested rights in the marital estate as declared in the exhibits subsequently attached. We find nothing in the record or in Phillip's brief to suggest that the exhibits in any way altered the settlement contemplated by the trial court or either of the parties at the time the judgment of divorce was entered on August 16, 1984. As noted in Gwendolyn's brief, certain of the subsequently attached exhibits were exhibits used at the trial held to determine the substantive rights of the parties. Only the legal description of the parties' Northbrook home, clearly a subject of the trial, was not already part of the record on August 16, 1984.

■ Consequently, we conclude that the judgment of dissolution entered on August 16, 1984, did indeed contemplate the substantive rights of the parties which were to be reduced to writing as exhibits "A" through "E". Thus, the judgment order of August 16 determined all of the rights of the parties to this litigation and was a final and appealable order. Accordingly, Gwendolyn is correct in her position that Phillip's motion to reconsider was properly denied by the trial court as untimely filed.

■ We also note that Phillip's argument that the *nunc pro tunc* order of September 21 should not be given effect is likewise doomed. It is difficult to ignore the fact that it was Phillip's attorney who prepared the judgment order entered on August 16, 1984. Further, on

September 21, 1984, it was again Phillip's counsel who proffered the order entered by the court. At that time, over Gwendolyn's objection, Phillip's counsel stated that the order was to be effective as of August 16, 1984. The record clearly discloses that Phillip's counsel was apprised of the fact that entry of a *nunc pro tunc* order would preclude the filing of a post-trial motion or notice of appeal, since more than 30 days had passed since entry of the August 16 order. Indeed, in support of this actions, Phillip's counsel stated: "Today our problem is to have the court execute its ministerial functions, make sure all the exhibits upon which judgment was entered are part of the record." Thus, the record evinces that Phillip was aware that attachment of the exhibits did not materially alter the final judgment order entered on August 16, except to *physically* attach the property settlement agreement to the judgment of dissolution.

Given the result above, we are bound by the well settled rule requiring strict adherence to the 30-day filing requirement for post-trial motions and notices of appeal. The supreme court rules and statutes make no exceptions to this requirement, therefore the orderly disposition of cases at the post-trial stage in the trial court, as well as at the appellate stage, requires that we strictly enforce the rules. (See *Putz v. Schulte* (1982), 104 Ill. App. 3d 128, 432 N.E.2d 1070.) Accordingly, we find that Phillip failed to timely file his motion to reconsider, and we are without jurisdiction to address the merits of Phillip's argument that the trial court erred in failing to enforce the settlement agreed to by the parties on August 19, 1983.

## II

As a final matter, we wish to *sua sponte* address whether, in light of the above discussion, Gwendolyn's September 13, 1984, motion to compel attachment of exhibits even qualifies as the type of post-trial motion disposition which would have extended for 30 days the time Phillip had to file his notice of appeal. (See Supreme Court Rule 303 (87 Ill. 2d R. 303).) We address this issue for purposes of instruction only, since its disposition will have no effect on the outcome of this case.

In all nonjury cases, for a motion to qualify as a "post-trial motion," it must specifically request one of the forms of relief enumerated in subsection (a) of section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203), to wit: (1) rehearing; (2) retrial; (3) modification of judgment; (4) vacation of judgment; or (5) "for other relief." Clearly, Gwendolyn's motion does not specify any of the first four forms of relief enumerated in the statute. "More-

over, the 'other relief' referred to in subsection (a) of this section must be similar in nature to the forms of relief specified immediately preceding the reference. *Fultz v. Haugan* 49 Ill. 2d 131, 273 N.E.2d 403 (1971)." Ill. Ann. Stat. ch. 110, par. 2—1203, Historical and Practice Notes, at 366 (Smith-Hurd 1983).

In the instant case, Gwendolyn's petition to compel attachment of exhibits is not sufficiently "directed against the August 16, 1984, judgment" to be similar to the first four forms of relief such that Phillip would not have had the benefit of an extension of time in which to file his notice of appeal. Consequently, Phillip had only 30 days from the entry of the August 16, 1984, date in which to file his post-trial motion. (See *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290 (where our supreme court held that a motion to reconsider a judgment falls within that category of post-judgment motions which must be filed within 30 days after the challenged judgment is entered).) Thus, the parties have mutually erred to the extent that they have referred to Gwendolyn's petition as a "proper" post-trial motion.

In sum, we find that the final order in this case was entered on August 16, 1984; that Phillip's October 16, 1984, motion to reconsider was not timely filed; and that this court lacks jurisdiction to consider Phillip's contention that the trial court erred by failing to enforce the August 19, 1983, settlement agreement. We, therefore, affirm the decision of the circuit court of Cook County dismissing Phillip's post-trial motion as untimely and find his appeal to this court to be untimely as well.

Appeal dismissed.

JOHNSON and JIGANTI, JJ., concur.