(No. 62268.—

GEORGE E. LOMBARD *et al.*, Appellants, v. ELBERT F. ELMORE *et al.* (Elbert F. Elmore, Appellee).

*Opinion filed May 21, 1986.*

468

Arent J. Jacobson, of Chicago, and Francis W. Gulbranson, of Prairie View, for appellants.

Joseph J. De Michael and Marcia L. Clegg, of Elmore & De Michael, of Oak Forest, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Elbert F. Elmore (hereinafter defendant) appealed from the judgment of the circuit court of Cook County in the amount of $40,000 entered in favor of plaintiffs, George E. Lombard and Michael A. Lombard, upon allowance of their motion for summary judgment. Plaintiffs appealed from the judgment entered against them in the amount of $46,750 entered on the jury verdict returned in favor of defendant on his counterclaim. The appellate court reversed the summary judgment entered

against defendant and affirmed the judgment entered in favor of defendant on the counterclaim. (134 Ill. App. 3d 898.) We allowed plaintiffs' petition for leave to appeal (103 Ill. 2d R. 315(a)). The facts and pleadings are adequately set forth in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues.

Vincent Page, Gerald Heinz (defendants at trial who are not parties to this appeal), plaintiffs, George E. Lombard and Michael A. Lombard, and defendant Elmore entered into a partnership to operate a motel and banquet facility. Plaintiffs were the principal officers of the Lombard Construction Company, which agreed with the partnership to perform renovation work at its motel. Plaintiffs assigned their interests in the partnership to defendant. The assignment agreement provided that: each plaintiff was to receive a $20,000 promissory note from defendant; each plaintiff would be indemnified for any liabilities incurred by the operation of the partnership; and the partnership was to pay Lombard Construction Company an outstanding balance of approximately $34,000 for construction work on the motel. On June 10, 1975, defendant acquired the interests of Page and Heinz in the partnership.

Plaintiffs instituted separate actions against defendant for nonpayment of the promissory notes. The actions were consolidated. Defendant answered, pleading as an affirmative defense that plaintiffs had failed to perform their part of the agreement to renovate the motel and, therefore, defendant was entitled to a setoff against the amount due on the promissory notes.

Defendant also filed a three-count counterclaim. Count I of the counterclaim alleged that plaintiffs, in negotiating the assignment agreement, had understated the partnership's accounts payable by $74,851.45 and that plaintiffs were liable for the understated amount.

Count II of the counterclaim alleged that the $34,000, which plaintiffs represented to be due for construction work when the assignment agreement was negotiated, was a misrepresentation by plaintiffs, that the correct amount due was $48,116.88, which the partnership paid, and that plaintiffs were liable for the difference. Count III of the counterclaim alleged that plaintiffs had failed to properly renovate the motel and, as a result, it became necessary for the partnership to expend $59,584.26, for which plaintiffs were liable.

Plaintiffs filed a motion to dismiss defendant's counterclaim, asserting that an indemnity agreement executed by the partnership in favor of plaintiffs shielded them from liability under defendant's counterclaim. The circuit court allowed plaintiffs' motion to dismiss as to count I but denied it as to counts II and III of the counterclaim. Prior to commencing a jury trial the circuit court orally announced entry of summary judgment in favor of plaintiffs on the promissory notes. Following a trial on counts II and III of defendant's counterclaim, the jury, on December 6, 1982, returned a verdict for defendant in the amount of $46,750. On December 14, 1982, the circuit court entered judgment on the verdict *"nunc pro tunc* December 6, 1982."* On December 21, 1982, in a written order, the court entered judgment against defendant in the amount of $40,000. This judgment was also entered *"nunc pro tunc"* December 6, 1982.

The appellate court held that the circuit court erred in allowing plaintiffs' motion for summary judgment based on the two promissory notes. The appellate court said the record showed that a genuine factual dispute existed, and that defendant's answer and affirmative defense alleged that defendant was entitled to a setoff against the promissory notes and entitled to recoupment of money expended by defendant as a result of plaintiffs'

breach of the assignment agreement. The appellate court said:

"Whether defendant was entitled to a setoff against plaintiffs on the notes, whether plaintiffs had understated the amount due the Lombard Construction Company, whether plaintiffs had breached the agreement to repair the motel and the amount expended by defendant to make such repairs, were factual controversies to be resolved by a jury. Accordingly, the trial court erred in granting plaintiffs' motion for summary judgment." (134 Ill. App. 3d 898, 903.)

The appellate court held that the circuit court erred in dismissing count I of defendant's counterclaim. It held, too, that because judgment was entered on the verdict returned in favor of defendant on his counterclaim on December 14, 1982, *nunc pro tunc* December 6, 1982, plaintiffs' post-trial motion filed February 17, 1983, was not timely filed, and that it was without jurisdiction to hear the appeal. It dismissed the appeal filed by plaintiffs and remanded plaintiffs' action for nonpayment of the promissory notes to the circuit court for further proceedings.

We consider first the question whether the appellate court correctly dismissed plaintiffs' appeal. Plaintiffs' cause of action on the promissory notes, although arising from the same transaction, was separate and distinct from defendant's action for the damages asserted in the counterclaim; therefore, when the circuit court made the finding required under Rule 304(a) (103 Ill. 2d R. 304(a)), the judgment became appealable. (*Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008; *Rone v. Boncar Construction Co.* (1976), 45 Ill. App. 3d 1.) This court has held that "[t]o vest the appellate court with jurisdiction a party must file a notice of appeal within 30 days after entry of the judgment appealed from, or within 30 days after entry of an order disposing of a timely post-trial

motion." (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538.) A post-trial motion following a jury verdict must be filed within 30 days after the entry of judgment on the verdict or within any further time the court may allow within the 30 days or any extensions thereof. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202.) The appellate court correctly held that it was without jurisdiction to consider plaintiffs' appeal.

We do not agree, however, that the judgment entered against defendant upon allowance of plaintiffs' motion for summary judgment should be reversed. The setoff or recoupment which defendant pleaded in his affirmative defense to the action on the promissory notes alleged understatement of liabilities and the failure to properly renovate the motel operated by the partnership. The record shows that the counterclaim is based on the same allegations, albeit expanded and stated in greater detail. The issues instruction submitted to the jury required defendant, in order to recover on the counterclaim, to prove the agreement for the renovation of the motel and the failure of plaintiffs, or one of them, to perform under that agreement. The alleged breach of the agreement cannot serve both to absolve defendant of liability on the note as a failure of consideration, and also as the basis for the recovery of damages for breach of the agreement. The circuit court found that there was no genuine issue of fact presented by the pleadings, and the appellate court, in order to find the existence of such a genuine issue of fact, was required to look to the counterclaim. We agree with the dissent to the appellate court opinion that because count III of the counterclaim sought recovery of the same damages as were alleged in defendant's affirmative defense, the judgment in favor of plaintiffs on the notes should be affirmed. To hold to the contrary would permit defendant a double recovery for plaintiffs' alleged breach of the agreement, once as a

setoff on the notes, and again as damages for the breach. That portion of the judgment of the appellate court must therefore be reversed.

For the reasons herein stated, the appellate court order affirming the dismissal of plaintiffs' appeal is affirmed. That portion of the judgment of the appellate court which reversed the summary judgment entered by the circuit court is reversed. The judgment of the circuit court is affirmed.

> *Appellate court affirmed in*
> *part and reversed in part;*
> *circuit court affirmed.*