LYLE E. BALL, Plaintiff-Appellee, v. JAMES EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—87—0231

Opinion filed January 21, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant James Edgar, Secretary of State, appeals from an order of the circuit court of Sangamon County entered on March 16,

1987, directing him to extend the validity of a restricted driving permit (RDP) issued to plaintiff Lyle E. Ball. We reverse.

On August 23, 1984, plaintiff was convicted of driving under the influence of alcohol. Consequently, the Secretary of State revoked plaintiff's driver's license. Plaintiff filed a complaint for administrative review of the decision of defendant denying plaintiff's petition for reinstatement of his driver's license or, alternatively, an RDP. The circuit court of Sangamon County reversed the decision in part and ordered the Secretary of State to issue plaintiff an RDP. The Secretary of State complied with the court's order and issued plaintiff an RDP valid for three months. Just prior to the time the RDP was to expire, plaintiff filed a motion for modification requesting the circuit court to "extend its order for six months." On March 16, 1987, the circuit court granted plaintiff's motion and ordered the Secretary of State "to extend plaintiff's restricted driving permit for at least an additional three months and thereafter to grant extensions without the administrative review process, unless plaintiff fails to comply with conditions." It is from this order the Secretary of State appeals.

Initially we note appellee did not file a brief. However, the record is clear and we can decide the issues before us without appellee's assistance. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ In nonjury cases, the Code of Civil Procedure, section 2—1203, authorizes either party to file a motion for modification of the judgment within 30 days after the entry of the judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203.) A trial court lacks jurisdiction to modify its own judgment more than 30 days after the final order was entered. (*Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358; *Havlen v. Waggoner* (1981), 92 Ill. App. 3d 916, 416 N.E.2d 684.) "[E]very act of the court beyond its jurisdiction is void." *City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 573, 310 N.E.2d 437, 441.

■ On October 31, 1986, the trial court ordered the Secretary of State to issue plaintiff an RDP. More than 120 days later on March 13, 1987, plaintiff filed his motion to modify the trial court's judgment. The section 2—1203 30-day time limit had long since expired when the court ordered the Secretary of State to extend plaintiff's RDP an additional three months. Accordingly, the order entered by the trial court on March 16, 1987, is void for want of jurisdiction.

■ The legislature expressly gave the Secretary of State discretion to issue an RDP and to set the time period during which it is valid. The applicable statute provides:

"Whenever a person is convicted of any of the offenses enumerated in this Section, the court may recommend and the Secretary of State in his discretion, without regard to whether such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit granting the privilege of driving a motor vehicle between his residence and his place of employment or within other proper limits, except that this discretion shall be limited to cases where undue hardship would result from a failure to issue such restricted driving permit. *In each case the Secretary of State may issue such restricted driving permit for such period as he deems appropriate, except that such permit shall expire within one year from the date of issuance.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c).)

The Administrative Review Law grants the circuit courts limited power to monitor this discretion. "The circuit court is not to interfere with the discretion of an administrative agency unless it is abused. [Citation.] Even then, the function of the court is to review the exercise of discretion, not to exercise that discretion itself." (*Sahara Coal Co. v. Department of Mines & Minerals* (1981), 103 Ill. App. 3d 115, 124, 431 N.E.2d 394, 401.) The sole issue for the court on administrative review is whether the record from the administrative level supports the agency's decision. Ill. Rev. Stat. 1985, ch. 110, pars. 3—111, 3—112.

■ Initially, when the Secretary of State refused to issue plaintiff an RDP, it was proper for the circuit court to review the decision. From the record the court found an abuse of discretion and ordered the Secretary of State to issue an RDP to plaintiff. The Secretary complied with the order and plaintiff received a three-month RDP. Neither party appealed the decision. Almost three months later plaintiff asked the trial court rather than the Secretary of State to extend the time limit on his RDP. The court, however, had nothing to review because there was no denial of an extension in the record. Instead, the court improperly requested evidence of plaintiff's driving record, which occurred subsequent to and was outside the record of the administrative hearing. Based on plaintiff's driving record alone, the court extended plaintiff's RDP an additional three months and further held that future extensions be granted without administrative interference as long as plaintiff complied with the conditions imposed on an RDP recipient. This *de novo* collection of evidence was clearly beyond the court's authority under the Administrative Review Law.

■ The well-settled separation of powers doctrine divides the

powers and duties of the three branches of government. Under that doctrine "neither the legislative, the executive, nor the judicial department may exercise the powers properly belonging to either of the other two." (*Illinois Bell Telephone Co. v. Fox* (1949), 402 Ill. 617, 626, 85 N.E.2d 43, 49.) The powers belonging to the Secretary of State, an arm of the executive branch, are effectuated by the Illinois Administrative Code. The provision governing the extension and cancellation of RDPs provides:

"(a) Anyone who has been on a restricted driving permit for an alcohol-related conviction (DUI, Implied Consent Refusal) or drug-related conviction, may have an extension of their permit provided they meet the following criteria:

(1) They can show proof that they are currently enrolled in or successfully completed an alcohol-related or drug related remedial driver program, and have an alcohol or drug assessment dated not later than 6 months prior to the hearing date.

(2) If their permit has expired, they submit an $8.00 fee to the Department.

(3) If their permit is still valid, they submit a $5.00 fee to the Department.

(4) The Applicant must have a conference to evaluate the evidence and make a recommendation for continuance. If extension is denied the applicant may request a formal hearing.

(5) They have no violations of the terms of the RDP limitation.

(6) They have suffered no relapse or reoccurrence of the alcohol or drug problem.

(b) If for any reason the alcohol assessment is not favorable, the permit will be cancelled.

(c) RDPs will be cancelled pursuant to Ill. Rev. Stat. 1981, pars. 6—113, 6—201, 6—205a, and 6—206a." 92 Ill. Adm. Code 1001.470 (1985).

The seriousness of an alcohol or drug-related offense and the possible negative ramifications of an abused RDP compels us to find that the courts should not tamper with the sufficiently rigid section 1001.470 requirements for extension. We conclude, for the reasons stated herein, that the court circumvented the Illinois Administrative Code when it decided plaintiff should receive an extension of his RDP and the duration of that extension. Furthermore, the separation of powers doctrine was violated when judicial discretion was substituted for that of the Secretary of State on a matter properly designated to

the latter. For the court's procedural error and its encroachment on the duty and discretion of the Secretary of State, the March 16, 1987, order of the circuit court is reversed.

Reversed.

LUND and SPITZ, JJ., concur.