567 N.E.2d 486 (1990)
208 Ill. App.3d 561
153 Ill.Dec. 528
In the Matter of the Application of the COUNTY TREASURER and Ex-Officio County Collector of Cook County, Illinois, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for 1984 (Edward J. Rosewell, Applicant-Appellant,
v.
Phoenix Bond and Indemnity Company, Petitioner-Appellee).
No. 1-88-2866.
Appellate Court of Illinois, First District, First Division.
December 31, 1990.
*487 State's Atty. of Cook County, Chicago (Jack O'Malley, Joan S. Cherry, Mark R. Davis, and Randolph T. Kemmer, of counsel), for applicant-appellant.
Stanford D. Marks, Chicago, for petitioner-appellee.
Justice MANNING delivered the opinion of the court:
The Cook County Collector, (hereinafter "County Collector"), appeals from an order of the circuit court of Cook County, denying its motion to clarify and reconsider the court's March 10, 1988, order which ordered the Cook County Treasurer, (hereinafter "Treasurer"), to refund to Phoenix Bond and Indemnity Company, (hereinafter "Phoenix Bond"), $494.82 in costs.
The record reveals that on December 17, 1985, Phoenix Bond purchased at an annual sale, two parcels of real estate for delinquent taxes. Certificates of purchase dated December 17, 1985, were received by Phoenix Bond for the sum of $7,351.97 and $7,750.09 as evidence of the purchases. Phoenix Bond filed a petition for tax deed and began giving the notices required by the Illinois Revenue Act as necessary preliminary steps to obtain the tax deed. During this process of serving notice, Phoenix Bond incurred costs in addition to the costs of obtaining the certificates of sale. These costs totalled $494.82, including a $94 fee for filing the petition of tax deed, a $60.72 fee to the clerk of the circuit court for mailing notices, a $220.10 fee to the sheriff for serving the notices and a $120 fee to a newspaper as compensation for publishing the notice.
On March 3, 1988, the County Collector filed a petition to vacate the tax sales, asserting that the assessor had made an error in selling the two parcels of real estate and requesting a refund to Phoenix Bond. On March 10, 1988, an order was entered vacating the two tax sales, specifically ordering the County Treasurer to refund to Phoenix bond the purchase price of the certificates in the sum of $7,351.97 for certificate number 84-5709, and $7,750.09 for certificate number 85-5716 with interest of 1½% per month from the date of purchase. The County Treasurer was also ordered to refund $494.82 in costs for "the tax deed petition to Phoenix Bond in accord with section 260 of the Revenue Act." Thereafter, the circuit court retained jurisdiction in order to enforce compliance with the terms of its order.
The County Collector paid the face amounts of the certificates of sale plus interest. However, the County Collector failed to pay the $494.82 in costs. Phoenix Bond made a demand for the $494.82; and on July 21, 1988, the County Collector filed a motion to clarify and reconsider the March 10, 1988, order "by striking the requirement of payment of $494.82 in costs." On August 17, 1988, the trial court entered an order holding that: (1) the post-judgment motion was properly before the court and the court had jurisdiction over the parties; (2) reaffirming its March 10, 1988, order, including the order to pay $494.82 to *488 Phoenix Bond; (3) the court had jurisdiction to order the refund of $494.82 in costs under section 260 of the Revenue Act; and (4) the motion for reconsideration was denied. On September 16, 1988, the County Collector appealed from the denial of its motion to clarify and reconsider the March 10, 1988, order and on September 23, 1988, Phoenix Bond cross-appealed from that portion of the court's order which determined that the post-judgment motion was properly before the court.
On appeal, the County Collector contends that a tax purchaser cannot be awarded costs pursuant to a statute which became effective subsequent to the date the taxes were purchased. Phoenix Bond argues that the trial court lacked jurisdiction to modify or review its March 10, 1988, order, and the appellate court is without jurisdiction to review this cause of action. The threshold question before us is whether the County Collector timely filed its motion to clarify and reconsider the court's March 10, 1988, order, thereby extending the time that the County Collector could file its notice of appeal.
Section 2-1203(a) of the Code of Civil Procedure (Ill.Rev.Stat.1987, ch. 110, par. 2-1203(a)), provides that a party must file a post-trial motion within 30 days after the judgment has been entered or within any further time the court may allow within the 30 days or any extensions thereof. It is well settled that a motion to reconsider a trial court's judgment falls within the category of post-judgment motions which must be filed within 30 days after the challenged judgment is entered. (Ill.Rev.Stat.1987, ch. 110, par. 2-1203; Sears v. Sears (1981), 85 Ill.2d 253, 258, 52 Ill.Dec. 608, 422 N.E.2d 610; Archer Daniels Midland Co. v. Barth (1984), 103 Ill.2d 536, 538, 83 Ill.Dec. 332, 470 N.E.2d 290; Coleman v. Windy City Balloon Port (1987), 160 Ill.App.3d 408, 418, 112 Ill.Dec. 92, 513 N.E.2d 506.) Moreover, section 2-1203(b) provides that a timely filed post-judgment motion stays enforcement of the judgment. Ill.Rev.Stat. 1985, ch. 110 par. 2-1203(b); Lombard v. Elmore (1986), 112 Ill.2d 467, 471-72, 98 Ill.Dec. 42, 493 N.E.2d 1063.
In the present case, the trial court entered its order on March 10, 1988, specifically stating "that this is a final order and no just reason exists for delay in the enforcement hereof or in the taking of an appeal herefrom." However, the County Collector did not file its motion to clarify and reconsider the March 10, 1988, order until July 21, 1988, more than four months after the judgment was entered. Therefore, the motion was untimely filed and a trial court is without jurisdiction to modify its own judgment more than 30 days after the final order was entered. (Ball v. Edgar (1988), 165 Ill.App.3d 349, 351, 116 Ill.Dec. 445, 519 N.E.2d 35; Midwest Bank & Trust Co. v. Village of Lakewood (1983), 113 Ill.App.3d 962, 69 Ill.Dec. 671, 447 N.E.2d 1358.) Moreover, every act of a court beyond its jurisdiction is void. (Ball, 165 Ill.App.3d at 351, 116 Ill.Dec. 445, 519 N.E.2d 35.) Accordingly, since the trial court in the instant case was divested of jurisdiction, the order entered by the trial court on August 17, 1988, is void for lack of jurisdiction.
Regarding Phoenix Bond's assertion that the appellate court is without jurisdiction to review this cause of action, Illinois courts have frequently held that a reviewing court has a duty to consider its jurisdiction and the timely filing of a notice of appeal is jurisdictional. (Barth, 103 Ill.2d at 539, 83 Ill.Dec. 332, 470 N.E.2d 290; In re Marriage of Hillinger (1986), 146 Ill.App.3d 549, 552, 100 Ill.Dec. 232, 497 N.E.2d 112.) In order to vest the appellate court with jurisdiction, the notice of appeal must be filed within 30 days after entry of the judgment appealed from, or if a timely post-judgment motion is filed, within 30 days after the entry of the order disposing of the last post-trial motion. ((107) Ill.2d R. 303(a); Elg v. Whittington (1987), 119 Ill.2d 344, 350-51, 116 Ill.Dec. 252, 518 N.E.2d 1232; Lombard, 112 Ill.2d at 471-72, 98 Ill.Dec. 42, 493 N.E.2d 1063.) Moreover, the time for filing a notice of appeal is not extended by the filing of an untimely post-judgment motion (Barth, 103 Ill.2d at 539, 83 Ill.Dec. 332, 470 N.E.2d 290; Sears, 85 Ill.2d at 259, 52 Ill.Dec. 608, *489 422 N.E.2d 610), and the appellate court is required to dismiss an untimely filed appeal for want of proper jurisdiction. Hillinger, 146 Ill.App.3d at 552, 100 Ill.Dec. 232, 497 N.E.2d 112; Lubben v. Lubben (1985), 135 Ill.App.3d 302, 303, 90 Ill.Dec. 56, 481 N.E.2d 856; Barth, 103 Ill.2d at 539, 83 Ill.Dec. 332, 470 N.E.2d 290.
As previously stated the post-trial motion to clarify and reconsider the March 10, 1988, order was not timely filed since it was filed more than four months after the final judgment was entered. Therefore, the untimely filed post-trial motion did not toll the time to appeal. Moreover, the notice of appeal was not filed within 30 days after the March 10, 1988, order was entered. Accordingly, since the County Collector failed to file a timely post-judgment motion nor a timely notice of appeal, we are compelled to find that the appellate court does not have jurisdiction to address the merits of this appeal, and the appeal must be dismissed.
APPEAL DISMISSED.
BUCKLEY, P.J., and CAMPBELL, J., concur.