NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BMO HARRIS BANK, NA, *Plaintiff/Appellee,*

v.

FANEL C. TOHATAN, et al., *Defendants/Appellants.*

No. 1 CA-CV 17-0330
FILED 4-3-2018

Appeal from the Superior Court in Maricopa County
No.  CV2015-013043
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Hinshaw & Culbertson LLP, Phoenix
By Stephen W. Tully, Bradley L. Dunn
*Counsel for Plaintiff/Appellee*

Ivan & Kilmark PLC, Glendale
By Florin V. Ivan
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1        This appeal stems from BMO Harris Bank's efforts to collect on a domesticated judgment against Fanel and Lidia Tohatan. The Tohatans appeal from a post-judgment order requiring Ms. Tohatan to appear for a judgment debtor's examination and produce financial records, where the superior court also found the domesticated judgment was timely registered and enforceable in Arizona. The Tohatans argue the superior court lacked jurisdiction to enter the order because a prior appeal was pending before this Court. They also argue the domesticated judgment is unenforceable as untimely registered. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Amcore Bank, N.A. sued the Tohatans in Cook County Circuit Court, Illinois, for allegedly breaching a promissory note. Amcore sought monetary damages for the breach ("damages count") and permission to foreclose on the mortgaged real property that secured the debt ("foreclosure count"). The Tohatans did not defend. The court entered two orders on October 21, 2009 (collectively, "2009 judgment"). It found the Tohatans owed $81,218.24 on the damages count and entered a separate "judgment of foreclosure and sale" on the foreclosure count, directing the sale of the mortgaged property with proceeds applied to satisfy the debt. The court approved a $40,000 sale on January 21, 2010 ("2010 order"), but did not enter a deficiency judgment.

¶3        After becoming the judgment creditor, BMO Harris moved for and secured a deficiency judgment on November 6, 2015 ("2015 judgment"). The 2015 judgment observed the Tohatans had not received a $40,000 credit from the sale proceeds and accordingly reduced the unpaid damages to $41,218.24.

¶4        BMO Harris promptly initiated the formal statutory process to domesticate a foreign judgment in Arizona. It filed the 2015 judgment in Maricopa County Superior Court on November 16, 2015, along with an

affidavit of counsel to domesticate the foreign judgment. A.R.S. §§ 12-1702, -1703(A). BMO Harris also mailed legal notice of the foreign judgment to the Tohatans under A.R.S. § 12-1703(B), which prompted a twenty-day grace period. Arizona law imposes a twenty-day grace period for judgment debtors to appear and object *before* a foreign judgment becomes enforceable. A.R.S. § 12-1704(C). The Tohatans neither appeared nor objected. They never argued the judgment was unenforceable and never moved to stay its enforcement. A.R.S. §§ 12-1702, -1704(A). The process concluded on December 6, 2015, when the foreign judgment was domesticated in Arizona and enforceable against the Tohatans. A.R.S. § 12-1704(C).

¶5        BMO Harris then moved to collect on the judgment. It first served a writ of garnishment on Ms. Tohatan's employer, which coaxed Ms. Tohatan to first appear on February 24, 2016, and request a hearing on the garnishment. BMO Harris eventually released the writ and the superior court awarded $3,049 in attorney's fees and costs to Ms. Tohatan as the prevailing party. BMO Harris moved to set-off the award against the unpaid balance on the domesticated judgment. Ms. Tohatan objected that set-off was improper because the domesticated judgment was unenforceable. She pressed three arguments, including that BMO Harris was not a plaintiff in the Illinois action, had released the debt and did not renew the 2009 judgment within five years under A.R.S. § 12-1551(B). The superior court rejected each argument and granted set-off.

¶6        Ms. Tohatan appealed, but added a fourth argument that the judgment was unenforceable under A.R.S. § 12-544(3) because BMO Harris waited more than four years to register the Illinois judgment in Arizona. This Court affirmed, but refused to address the new argument, which had not been raised prior to the appeal. *BMO Harris v. Tohatan*, No. 1 CA-CV 17-0013, 2018 WL 718523, at *2, ¶ 10 (Ariz. App. Feb. 6, 2018).

¶7        During the pendency of the first appeal, BMO Harris applied for an order requiring Ms. Tohatan to appear for a judgment debtor's examination and produce financial records. Ms. Tohatan objected on March 3, 2017. She again argued that the domesticated judgment was unenforceable, raising the same arguments then on appeal, but adding that BMO Harris missed the four-year window to domesticate the Illinois judgment under A.R.S. § 12-544(3).

¶8        The superior court ordered Ms. Tohatan to appear for the judgment debtor's examination and provide financial records. The court reasoned the 2015 judgment was "the operable final judgment in Illinois"

3

and BMO Harris had domesticated the judgment in Arizona within four years of its entry. The Tohatans timely appealed.

## DISCUSSION

**¶9**　　　　We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) because the superior court sua sponte treated the Tohatans' response in opposition to BMO Harris' application for a judgment debtor's examination as a motion to vacate under Rule 60, Ariz. R. Civ. P. *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) ("An order denying or granting a motion to set aside a judgment under Rule 60(c), Arizona Rules of Civil Procedure, is appealable as a 'special order made after final judgment.'").[1]

**¶10**　　　　The Tohatans contend the superior court committed legal and jurisdictional error. Our review is *de novo*. *Engel v. Landman*, 221 Ariz. 504, 508, ¶ 10 (App. 2009).

**¶11**　　　　The Tohatans first argue the superior court lacked jurisdiction to enter a post-judgment enforcement order because their earlier appeal was pending in this Court. We disagree for two reasons. The Tohatans only moved to set a supersedeas bond *after* the superior court entered its order. *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467 (1974) ("[I]n the absence of supersedeas, the trial court in a civil proceeding retains jurisdiction pending the appeal to take such action as might be necessary to enforce its previously entered judgment."). What is more, the superior court's order did not negate the pending appeal or frustrate the appellate process; indeed, this Court's earlier decision expressly avoided the issue resolved by the superior court and appealed here. *See State v. O'Connor*, 171 Ariz. 19, 22 (App. 1992) ("[A] trial court retains jurisdiction to act so long as that act cannot negate the decision in a pending appeal or frustrate the appeal process."). The superior court thus retained jurisdiction to enter the order.

**¶12**　　　　The Tohatans next contend the superior court erred in concluding the foreign judgment was enforceable because BMO Harris missed the four-year limitations period to domesticate the judgment in Arizona. A.R.S. § 12-544(3). Their argument turns on when the Illinois

---

[1]　　　The superior court noted the issue had not been "squarely presented" in a motion to vacate the judgment, but "nevertheless" reached the issue to advance judicial economy.

court issued its final judgment on BMO Harris' count for monetary damages. The Tohatans point to the 2009 judgment, while BMO Harris points to the 2015 judgment.[2]

**¶13** We begin with two guiding principles. First, the Tohatans bear the burden to demonstrate the 2015 judgment is not the final and enforceable judgment. *Oyakawa v. Gillett*, 175 Ariz. 226, 229 (App. 1993). And second, we consult Illinois law to determine which of the Illinois judgments and orders represents the final judgment. *Grynberg v. Shaffer*, 216 Ariz. 256, 258, ¶ 8 (App. 2007).

**¶14** The Tohatans have not met their burden. They offer no Illinois statutes or decisions to support their argument. *Oyakawa*, 175 Ariz. at 229 ("A duly authenticated judgment of a sister state is prima facie evidence of that state's jurisdiction to render it and of the right which it purports to adjudicate."). This omission alone defeats their appeal.

**¶15** But the appeal fails on the merits, too. A final judgment or order under Illinois law "must dispose of the rights of the parties as to the entire controversy or some part of the controversy which is definite and separate, so that nothing remains but execution of the judgment." *In re Marriage of Petraitis*, 636 N.E.2d 691, 702 (Ill. App. 1993). The final judgment or order "will finally determine, fix, and dispose of the parties' rights as to the issues made by the suit." *Lubben v. Lubben*, 481 N.E.2d 856, 858 (Ill. App. 1985) (quotation omitted).

**¶16** Against that backdrop, the 2009 judgment did not represent the final judgment on either the damages or foreclosure count, but was instead a non-final judgment of foreclosure. *JP Morgan Chase Bank v. Fankhauser*, 890 N.E.2d 592, 599 (Ill. App. 2008) ("A judgment of foreclosure is not final and appealable because it does not dispose of all the issues between the parties and it does not terminate the litigation."). The 2009 judgment authorized the mortgaged property to be sold, but did not approve an actual sale or account for sale proceeds to reduce the total debt.

---

[2] Although contrary to their argument here, the Tohatans suggest this Court's earlier decision necessarily decided the domesticated judgment was enforceable "as a matter of logic," which presumably obviates the need to reexamine the issue here. This Court did not, however, address the four-year limitations argument because it had not been raised in the superior court. *BMO Harris v. Tohatan*, No. 1 CA-CV 17-0013, 2018 WL 718523, at *2, ¶ 10 (Ariz. App. Feb. 6, 2018).

¶17          The 2010 order did not represent the final judgment on the damages count, either. *Armour & Co. v. Mid-America Protein, Inc.*, 344 N.E.2d 639, 641 (Ill. App. 1976) (holding that order approving sale was not a final order and trial court retained jurisdiction to enter deficiency judgment). It resolved the foreclosure count by approving the $40,000 sale, thus describing itself as "a final appealable order" on that count. It did not, however, resolve the damages count because it never accounted for the sale proceeds, reduced the debt accordingly or entered "a personal deficiency judgment."

¶18          By contrast, the 2015 judgment did represent the final judgment because it conclusively resolved the damages count and nothing remained but execution of the judgment. It provided the missing information—namely, a concrete and final accounting of unpaid damages that determined and fixed how much money BMO Harris could collect from the Tohatans in Arizona. *Lubben*, 481 N.E.2d at 858. BMO Harris domesticated the 2015 judgment well within the four-year limitations under A.R.S. § 12-544(3). The domesticated judgment is thus enforceable.

## CONCLUSION

¶19          For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA