RUBY M. BRADFORD, Adm'r of the Estate of Carlton E. Bradford, Deceased, Plaintiff-Appellant, v. SERGIO SOTO *et al.*, Defendants-Appellees.

Second District   No. 2—86—0978

Opinion filed August 10, 1987.

David G. Mountcastle, of Mountcastle & DeRosa, P.C., of Wheaton (Lloyd E. Dyer, Jr., of counsel), for appellant.

Ford, Marsch, Rampson & Wilhelm, of Wheaton (John H. Wilhelm, of counsel), for appellees John D. Poole, Susan Poole, Donald G. Swan, and Guy's Steakhouse, Ltd.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal from the dismissal of Dramshop Act counts against defendants.

Plaintiff's decedent, Carlton Bradford, was killed on July 28, 1984, when a vehicle driven by defendant Sergio Soto crossed the center line and collided head-on with Bradford's vehicle. Plaintiff filed her initial complaint on December 27, 1984, naming Sergio Soto (Soto) and Jorge A. Soto, the owner of the vehicle, as defendants. On February 22, 1985, Soto was served, through counsel, with a notice to take a discovery deposition. Soto's counsel advised plaintiff's counsel that due to pending criminal charges against Soto, Soto would refuse to answer many questions at the deposition in reliance on his rights

under the fifth amendment to the United States Constitution. Plaintiff thereafter filed a motion to require Soto to appear for his deposition. After a hearing on the motion, the trial court ordered Soto to appear for his deposition with inquiry to be limited to the times, places, and circumstances under which Soto had purchased and consumed alcoholic beverages. At the scheduled deposition, Soto refused to answer questions in reliance on his fifth amendment right to not incriminate himself. Plaintiff again filed a motion for an order requiring Soto to answer questions. The trial court denied this motion after a hearing.

On July 26, 1985, plaintiff filed her amended complaint in which she named as additional defendants "John Doe and XYZ Corporation" of unknown locations and stated allegations for a cause of action under the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135). After the criminal cases against Sergio Soto were concluded, he named the locations where he had purchased and consumed alcohol. On June 30, 1986, plaintiff filed her second amended complaint in which she named the additional defendants, John D. Poole and Susan Poole, individually and d/b/a New Earth, Inc.; Guy's Steakhouse, Ltd.; and Donald G. Swan, individually and d/b/a Nachos. These defendants moved to dismiss the counts against them on the ground that the action was not commenced prior to July 28, 1985, as required by the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135). After a hearing, the trial court, on September 12, 1986, granted defendants' motions and dismissed counts III, IV, and VI. In its order, the trial court stated that "[t]here is no just reason to delay enforcement or appeal of this order." Plaintiff filed a motion for a rehearing on defendants' motions to dismiss. After argument, the motion for rehearing was denied on September 24, 1986. Plaintiff then filed a notice of appeal on October 21, 1986. We affirm.

■ Defendants contend that the appeal was not timely filed. Defendants argue that a final judgment order dismissing the counts against them was entered on September 12, 1986, and was made final and appealable pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Defendants argue that to be timely, a notice of appeal of a Rule 304 order must be filed within 30 days of entry of the order. Therefore, defendants argue that the notice of appeal in this case was not timely because it was not filed within 30 days of the Rule 304 order. In response, plaintiff contends that, under Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)), her post-trial motion tolled the period in which to file a notice of appeal. We agree.

Rule 304(a) states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

Rule 303(a) states:

"(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion." 107 Ill. 2d R. 303(a).

In *Elg v. Whittington* (1986), 149 Ill. App. 3d 307, *appeal allowed* (1987), 113 Ill. 2d 573, the only reported case to address this issue, the Appellate Court for the Fourth District held that a notice of appeal must be filed within 30 days of a Rule 304(a) finding, and a post-trial motion does not toll that 30 days. The court reasoned that the statement in Rule 304(a) that "[t]he time for filing the notice of appeal shall run from the entry of the required finding," is mandatory, and that it cannot be construed as directory only. (149 Ill. App. 3d 307, 311.) Thus, the court concluded that a party had a 30-day period which ran from the Rule 304(a) finding in which to file a notice of appeal. (149 Ill. App. 3d 307, 313.) The court further reasoned that the purpose and rationale of Rule 304(a) is to provide an immediate appeal, and to find that a post-trial motion would toll the 30 days would be to thwart that purpose. (149 Ill. App. 3d 307, 311.) The *Elg* court also reasoned that a circuit court loses all jurisdiction upon making a Rule 304(a) finding. Thus, the court concluded that a trial court would not have jurisdiction to hear a post-trial motion after making a Rule 304(a) finding. 149 Ill. App. 3d 307, 312.

Presiding Justice McCullough dissented. Justice McCullough was

of the opinion that because Rule 304(a) does not provide for any time within which the appeal must be perfected, the provisions of Rule 303(a) had to be followed. (149 Ill. App. 3d 307, 314.) Thus, McCullough concluded that the tolling provision of Rule 303(a) controls the time for filing an appeal, even if the appeal is taken pursuant to entry of a Rule 304(a) finding. 149 Ill. App. 3d 307, 314; see also *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 568 (where the court in *dicta* stated that Rule 303(a) controls the time for filing an appeal, even if the appeal is taken pursuant to entry of a Rule 304(a) finding, and that the stay provision of Rule 303(a) is also applicable where there is a Rule 304(a) finding).

As pointed out by Justice McCullough, Rule 304(a) does not state a time period in which a notice of appeal is to be filed. One must, therefore, look elsewhere for the time or Rule 304(a) would become meaningless. The time limit is found in Rule 303(a), which also provides for a tolling period when a post-trial motion is made. There is no reason to believe that the provisions of Rule 303(a) should be bifurcated when Rule 303(a) is being applied to Rule 304(a) findings. Therefore, we hold that, in accordance with Rule 303(a), the time for filing an appeal after a Rule 304(a) finding is tolled by a post-trial motion. Accordingly, we also hold that the notice of appeal was timely filed in this case.

Plaintiff contends that she has been deprived of property without due process of law. Plaintiff argues that the property she was deprived of was a cause of action under the Illinois Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135) and that she was deprived of that property when the court denied her discovery, thereby extinguishing her opportunity to pursue her claim within the one-year period. We disagree.

■■ ■ The requirements of procedural due process apply only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property (*Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569, 33 L. Ed. 2d 548, 556, 92 S. Ct. 2701, 2705.) Whether a statutory cause of action under the Dramshop Act is a property right is controlled by the United States Supreme Court's decision of *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148. In that case, the court found that a statutory cause of action provided for under the Illinois Fair Employment Practices Act (Ill. Rev. Stat. 1979, ch. 48, par. 851 *et seq.* (repealed 1980)) was a species of property protected under the fourteenth amendment's due process clause. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 428-33, 71 L. Ed. 2d

265, 272-76, 102 S. Ct. 1148, 1153-56.) In following *Logan*, we hold that a cause of action under the Dramshop Act is a property right for purposes of due process.

Having determined that the cause of action under the Dramshop Act was a property right protected by the due process clause of the fourteenth amendment, the question becomes what process was due in the present case.

■ In support of her argument that she was deprived of due process, plaintiff cites *Brinkerhoff-Faris Trust & Savings Co. v. Hill* (1930), 281 U.S. 673, 74 L. Ed. 1107, 50 S. Ct. 451, *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, and *Hogan v. Bleeker* (1963), 29 Ill. 2d 181. In each of these cases, it was held that the deprivation of a remedy by either the State legislature or judiciary had or would violate due process. (*Brinkerhoff-Faris Trust & Savings Co.* (1930), 281 U.S. 673, 678-82, 74 L. Ed. 1107, 1112-14, 50 S. Ct. 451, 453-55; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 189-90; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 231-32.) However, these cases are distinguishable because in each of the cases cited by plaintiff the action that violated or would have violated due process was an interpretation of State law. (*Brinkerhoff-Faris Trust & Savings Co. v. Hill* (1930), 281 U.S. 673, 678-82, 74 L. Ed. 1107, 1112-14, 50 S. Ct. 451, 453-55 (reversing holding of Missouri Supreme Court that action could not be brought in equity to remedy discriminatory tax levy); *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 231-32 (interpreting retroactive effect of amendment reducing time for bringing medical malpractice action); *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 189-90 (interpreting retroactive effect of amendment reducing time for bringing suit to foreclose special assessment lien).) In contrast, it was not an application of State law that deprived plaintiff of the discovery that she sought, but, rather, it was Soto's invocation of his fifth amendment right not to incriminate himself that led to plaintiff's inability to obtain the discovery. Thus, the question is whether plaintiff's due process right includes the right to compel an individual to waive his fifth amendment right.

In analogous cases that have addressed the tension that exists between an individual's right to remain silent and a criminal defendant's sixth amendment right to compulsory process, it has been held that an accused's right to compulsory process does not include the right to compel a witness to waive his fifth amendment privilege. (*United States v. Thornton* (D.C. Cir. 1984), 733 F.2d 121, 125; see also *United States v. Reese* (D.C. Cir. 1977), 561 F.2d 894, 899-901; *United States v. Melchor Moreno* (5th Cir. 1976), 536 F.2d 1042, 1046.) However,

when balancing the sixth amendment right of the accused and the fifth amendment right of the witness, a trial court must make an appropriate inquiry into the basis of the privilege claimed and may not permit the witness to refuse to testify where a narrower privilege will adequately protect him. (*United States v. Thornton* (D.C. Cir. 1977), 733 F.2d 121, 125.) To sustain an invocation of the fifth amendment right a trial court need only determine whether there is a reasonable basis for believing that a danger to a witness might exist in answering a question. 733 F.2d 121, 125.

In the present case, the purpose for which defendant sought Soto's deposition is not much different than the purpose for which the defendant in *Thornton* sought to have the witness testify. In *Thornton*, the defendant sought to establish a defense (733 F.2d 121, 125), and in the present case, plaintiff sought to establish a cause of action. If the fifth amendment is not required to bow to the sixth amendment's right to compulsory process where the result may be the incarceration of the individual seeking compulsory process, it should not bow to the due process clause where only property is at stake. Thus, just as a valid fifth amendment claim provides a justification for compromising an individual's sixth amendment right (*United States v. Rodriguez* (2d Cir. 1983), 706 F.2d 31, 36), it provides a justification for compromising an individual's right not to be deprived of property without due process.

In the present case, Soto was facing criminal charges at the time that the discovery was sought, and the information being sought by plaintiff was directly related to the criminal charges facing Soto. Therefore, there could be no doubt in the trial court's mind that Soto had a valid fifth amendment claim.

We therefore hold that the actions of the trial court did not constitute a violation of plaintiff's right to due process.

■ Plaintiff next contends that the one-year statute of limitation period should not be applied in this case for equitable reasons. We disagree.

Plaintiff argues that protection of Soto's fifth amendment right is sufficiently important to require equitable tolling. However, the question really is whether a dramshop action is sufficiently important to allow a tolling of the limitation period when discovery cannot be obtained.

In determining whether equitable principles should apply, we first note that because the cause of action is statutory in nature, the one-year period for filing a suit is not a statute of limitation but instead is jurisdictional. (*Fredman Brothers Furniture Co. v. Department of*

*Revenue* (1985), 109 Ill. 2d 202, 209-10; *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 283.) Thus, it is a condition precedent to the plaintiff's right to seek a remedy. See *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 209-10.

■ Although plaintiff recognizes that the limitation period is jurisdictional in nature, she argues that equitable principles may nevertheless still be applied to toll limitation periods in such cases. In support of her contention, plaintiff cites two cases: *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, and *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666. In *Cessna*, the supreme court held that a defendant in a paternity action was estopped from asserting a two-year jurisdictional limitation where his actions lulled the mother into a false sense of security. (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 86-88.) In *Lee*, the court stated that the defendant in that case would be estopped from asserting a 180-day jurisdictional filing requirement if the defendant's conduct induced the plaintiff not to act. (*Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 669.) However, the *Lee* court found that the defendant in that case was not estopped because the defendant had not misled the plaintiff in any way. 126 Ill. App. 3d 666, 670.

*Cessna* and *Lee* are clearly distinguishable from the present case. In those cases, the courts found that a defendant could be estopped from asserting the statute of limitation because of the defendant's conduct. In the present case, principles of estoppel are not applicable as there is nothing to indicate that defendants have misled plaintiff.

■ Various considerations lead to the conclusion that equitable principles are not applicable to toll the limitation period. First, this court has stated that there is no trend toward tolling jurisdictional time periods. (*Pickering v. Human Rights Com.* (1986), 146 Ill. App. 3d 340, 351.) Furthermore, the supreme court has indicated that public policy by itself is insufficient to toll the operation of the one-year limitation and that it is legislative intent which is dispositive. See *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 8.

■ Second, the liability imposed should be definite and certain in order that operators and owners of dramshops may know the type of liability to which they are exposing themselves. (*Moran v. Katsinas* (1959), 16 Ill. 2d 169, 174-75.) A limitation period which can be tolled for equitable grounds decreases their ability to predict the liability to which they are exposing themselves.

■ Finally, to allow the statutory period to be tolled would be inequitable to defendants in this case since prolonging the tolling period would be due to no corresponding fault or gain on defendants' part.

676

Consequently, we hold that equitable principles are not available in the present case to toll the one-year statutory period. While this appears to be a harsh result, we feel that the present law requires this result and thus must rule in this way until our supreme court directs otherwise.

In accordance with the above discussion, we affirm the ruling of the trial court.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.