(No. 64396.—

CURTIS J. ELG *et al.* v. JON A. WHITTINGTON *et al.* (Walter Skeistaitis, Jr., *et al.*, Appellants; First Federal Savings and Loan Association of Champaign, Appellee).

*Opinion filed November 16, 1987—Modified on denial of rehearing February 11, 1988.*

SIMON, J., dissenting.

John E. Maloney, of Maloney & Davis, of Urbana, for appellants.

Gary R. Lietz, of Franklin, Flynn & Palmer, of Champaign, for appellee.

Frederick W. Temple and John Skapars, of Chicago (Hubbard, Hubbard, O'Brien & Hall, of counsel), for *amici curiae* Anthony Del Grosso *et al.*

CHIEF JUSTICE CLARK delivered the opinion of the court:

This appeal addresses the question of whether a motion which is directed against an appealable circuit court

judgment concerning one party or claim in a multiparty or multiclaim litigation will toll the running of the period for filing a timely notice of appeal. The circuit court dismissed the third-party complaint of the appellants, Walter Skeistaitis, Jr., and Aldona V. Skeistaitis. In the appellate court, appellants' appeal from this judgment was dismissed as untimely. (149 Ill. App. 3d 307.) We granted appellants' petition for leave to appeal (107 Ill. 2d R. 315).

The plaintiffs-counterdefendants in this lawsuit, Curtis Elg and Hilde Trieglaff, filed a complaint in the circuit court of Champaign County against the defendants-counterplaintiffs, Jon and Penny Whittington, and the defendants–third-party plaintiffs, Walter and Aldona Skeistaitis, the appellants here. Count I of Elg and Trieglaff's complaint alleged that the Whittingtons breached a contract to buy certain described real property from Elg and Trieglaff. Elg and Trieglaff sought specific performance or, in the alternative, damages from the Whittingtons. Count II of their complaint alleged that the appellants had breached a contract to sell the same real property to Elg and Trieglaff by failing to remove an encumbrance from the property's title. This count sought damages from the appellants.

The Whittingtons filed an answer to the complaint and a counterclaim against Elg and Trieglaff. The counterclaim alleged that since Elg and Trieglaff were unable to provide them with marketable title, the Whittingtons were entitled to the return of their earnest money, which had been deposited in escrow. Elg and Trieglaff filed an answer to this counterclaim.

The appellants filed an answer to the complaint, pleading as an affirmative defense that the appellants' inability to remove the encumbrance on the property's title stemmed from the refusal of the appellee, First Federal Savings and Loan Association of Champaign, to re-

lease a lien on the property despite an attempt by the appellants to satisfy the lien.

At the same time, appellants also filed a third-party complaint against the appellee. Count I of the third-party complaint alleged that the appellee had refused to accept appellants' tender of an amount sufficient to satisfy their debt to the appellee or to release its lien on their property. This count sought from appellee an indemnity for any judgment entered against the appellants on the Elg and Trieglaff complaint, as well as the costs of appellants' defense against that complaint. Count II of the appellants' third-party complaint alleged that the appellee's refusal to release the lien was willful, malicious, and intentionally designed to hinder appellants' sale of the property. In this count, appellants sought statutory damages (see Ill. Rev. Stat. 1983, ch. 95, pars. 52 through 54), punitive damages, and an order directing the appellee to release its lien on the subject property. Because of the many different parties involved in this litigation, the following diagram may be helpful:

On November 21, 1984, the appellee filed an answer

to the third-party complaint which pleaded three affirmative defenses. The first affirmative defense alleged that the third-party complaint and the relief requested were barred by *res judicata*. The second affirmative defense alleged that another cause of action was pending between the parties for the same cause. The third affirmative defense alleged that the appellants' claim was barred by other affirmative matter avoiding the legal effect of, or defeating, the claim. The appellee also filed a motion to dismiss count II of the third-party complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—615).

The circuit court dismissed count II of the third-party complaint, and the appellants filed an amended count II. Shortly thereafter, the Whittingtons filed a motion for summary judgment, supported by affidavits and other materials. In response, Elg and Trieglaff filed affidavits and other documents.

On March 11, 1985, the appellee filed a motion for judgment on the pleadings. The motion alleged that the appellants had failed to reply to the affirmative defenses, and that they had therefore admitted the factual allegations contained in the defenses. The motion further alleged that the defenses were legally sufficient to defeat the third-party complaint. On the same date, the appellee filed a motion under section 2—615 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) to dismiss amended count II of the third-party complaint.

On May 2, 1985, the circuit court made the following docket entry:

"Hearing on Third Party Defendant, First Federal's motion to dismiss amended Count II and Motion for Judgment on pleadings resumed. Motion for judgment on pleadings allowed. Judgment on pleadings entered in favor of Third Party Defendant, First Federal Savings and Loan Association of Champaign and against Third Party

Plaintiffs Walter Skeistaitis, Jr. and Aldona V. Skeistaitis and in bar of the causes of action sought to be stated in Count I and amended Count II of the Third Party Complaint. No just reason to delay enforcement or appeal of the order.

By reason of ruling on Motion for Judgment, Motion to dismiss not reached.

Hearing resumed on motion for summary judgment on Defendants/Counterplaintiffs Whittington. Court finds that motion and supporting affidavits do no [sic] demonstrate that there is no genuine issue of material fact and accordingly the motion for summary judgment is denied."

Neither party had moved the court to make a finding that there was no just reason to delay enforcement or appeal of the order.

On May 24, 1985, the appellants filed a "motion to vacate a summary judgment and for leave to reply to affirmative defenses." In the motion, appellants expressed their view of the prior and pending proceedings and requested that the order granting judgment on the pleadings in favor of appellee be vacated and that they be given leave to reply to the affirmative defenses.

On June 28, 1985, the circuit court made the following docket entry:

"Hearing resumed. The Court finds that the Motion presented is in the nature of a Motion to Reconsider. The Court further finds that the Order heretofore entered on May 2, 1985 was appropriate based on the record presented, and also concludes that post-judgment change to the state of the pleadings by filing a Reply is not permitted by case law. Accordingly, the Motion and all relief sought thereby is denied. No written order required."

On July 24, 1985, 26 days after the June 28 docket entry but over two months after the May 2 docket entry, the appellants filed a notice of appeal from "the judgment in this case in favor of [the appellee] entered on May 2, 1985, granting [the appellee's] Motion for Judg-

ment on the Pleadings." The appellate court majority dismissed appellants' appeal as untimely, holding that the notice of appeal had not been filed within 30 days of the May 2 order, as required under Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)). In so holding, the appellate court rejected appellants' contention that the filing of their May 24 motion to reconsider, 22 days after the May 2 order, tolled the time to file a notice of appeal.

Thus we are confronted on this appeal with a single issue: whether a timely motion to reconsider a piecemeal judgment which the trial court has found to be appealable and enforceable will toll the period for filing a timely notice of appeal from that judgment. The resolution of this issue turns upon analysis of three pertinent provisions: Supreme Court Rules 303(a)(1) (107 Ill. 2d R. 303(a)(1)) and 304(a) (107 Ill. 2d R. 304(a)), and section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203).

Rule 303, which is entitled "Appeals from Final Judgments of the Circuit Court of Civil Cases," provides, in pertinent part, that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." (107 Ill. 2d R. 303(a)(1).) Rule 303 is consistent with section 2—1203(a) of the Code of Civil Procedure, which provides that "[i]n all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a).) Section 2—1203(b) of the Code

further provides that "a motion filed in apt time stays enforcement of the judgment." (Ill. Rev. Stat. 1985, ch. 110, par. 2–1203(b).) However, Rule 304, which governs "Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding," does not include any provision for a post-judgment motion. Instead, it provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *The time for filing the notice of appeal shall run from the entry of the required finding.*" (Emphasis added.) 107 Ill. 2d R. 304(a).

Rule 304(a) is derived from former section 50(2) of the Civil Practice Act, originally enacted in 1955. (Ill. Rev. Stat. 1955, ch. 110, par. 50(2).) Section 50(2), in turn, was patterned after Rule 54(b) of the Federal Rules of Civil Procedure. (28 U.S.C. R. 54(b).) Neither section 50(2) nor Rule 54(b) contained any provision governing when the time for filing a notice of appeal would begin to run. When, in 1967, section 50(2) was supplanted by Rule 304(a), the italicized sentence was added.

Review of the rule's language, history, and purpose convinces us that the filing of a timely post-trial motion will not toll the running of the 30-day period for filing a timely notice of appeal based upon a Rule 304(a) finding.

It is noteworthy that Rule 304(a), unlike Rule 303, does not include a specific statement that the time for filing a timely notice of appeal may run from the date of an order denying a subsequent post-judgment motion.

Moreover, the provisions of Rules 303(a) and 304 governing the time for filing a notice of appeal were adopted at the same time, as part of the same general revision of our rules. (See generally 36 Ill. 2d Introductory Committee Comments, at 18-25; 36 Ill. 2d R. 303(a), Committee Comments, at 107.) The contemporaneity of the two rules strongly suggests that this difference between them was not accidental.

Other contemporaneous evidence reinforces this conclusion. The committee comments to Rule 303(a) specifically note the inclusion of the provision for "postponing the time for filing the notice of appeal if a timely post-trial motion is filed" (36 Ill. 2d R. 303(a), Committee Comments, at 107), while the comments to Rule 304 state simply that the added sentence about the time for filing a notice of appeal "codif[ies] existing practice." (36 Ill. 2d R. 304, Committee Comments, at 109.) The historical and practice notes to Rule 304, under the heading "Necessity of Immediate Appeal," state: "Under Federal Rule of Civil Procedure 54(b) the time to appeal from an order containing the finding of 'no just reason to delay' runs from the date of entry of the order. 6 Moore, Federal Practice 226 (2d ed. 1953). The third sentence, which is new, of rule 304 expressly adopts the federal practice." (Ill. Ann. Stat., ch. 110A, par. 304, Historical and Practice Notes, at 590 (Smith-Hurd 1968).) One of the authors of the historical and practice notes was also a member of the Supreme Court Rules Committee which drafted the 1967 revision of the rules. (See 36 Ill. 2d Introductory Committee Comments, at 18, 25.) None of these sources contain any indication that a post-judgment motion would postpone the time for filing a Rule 304 notice of appeal.

Indeed, allowing such a postponement would frustrate the core purpose of Rule 304(a). Prior to the enactment of section 50(2) of the Civil Practice Act (Ill. Rev.

Stat. 1955, ch. 110, par. 50(2)), the predecessor to Rule 304(a), there could have been no appellate review of a judgment which did not dispose of the claims of all parties to a case. (See, *e.g., Nelson v. Powroznik* (1946), 329 Ill. App. 647 (abstract of opinion).) In order to allow such appeals in appropriate cases, while maintaining the general policy *against* "piecemeal appeals," the legislature enacted section 50(2). (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 202.) Rule 304(a), like section 50(2), accomplishes this purpose by providing that judgments determining fewer than all of the matters involved in an action shall not be appealable unless the trial court makes an express finding that there is no just reason for delaying the appeal. Thus, application of Rule 304(a) serves two purposes: (1) it "avoids unnecessary appeals yet permits an appeal to be taken before final disposition of the case where the court considers an immediate appeal to be appropriate" (13 Ill. 2d 200, 203), and (2) it "enables litigants to determine with certainty, and thus avoid the consequences of failing to appeal, when a judgment adjudicating fewer than all the matters involved is appealable" (emphasis omitted) (13 Ill. 2d 200, 203).

Were we to hold that a litigant could delay the filing of a timely appeal from a piecemeal order simply by attacking the order in a motion, we would inevitably undermine the certainty which Rule 304(a) provides. It would then be unclear whether the 30 days for filing a timely notice should run from the date the trial court rules on the subsequent motion, or whether, instead, the trial court would have to make a second Rule 304(a) finding in order to set the appellate clock ticking once again.

A definite date for a Rule 304(a) appeal serves the best interests not only of the party who contests the trial court's action, but also the interests of all other parties to the action, and the court as well. A piecemeal

appeal is different from the usual appeal in one crucial respect. The usual appeal, which terminates all proceedings in the trial court and moves the matter to an appellate court, lets the stream of a single piece of litigation flow on, undivided. A piecemeal appeal, however, divides a single stream of litigation into two separate streams. One stream will continue to flow on in the trial court, while the second winds its way through the courts of appeal. At some point the two streams may need to be reunited. It is in the best interests of all parties that the merits of the appeal be decided as soon as possible, so that an ultimate, and consistent, determination of the claims of all parties to the action can be speedily effected.

It is true that Rule 304(a) places the piecemeal appellant in a somewhat worse position than the usual appellant, who need not file a notice of appeal until 30 days after the denial of a motion attacking the original judgment. But this difference in treatment is justified by the fact that a Rule 304(a) appeal is an exception to the general policy disfavoring piecemeal appeals. Asking an appellant who has been afforded the rare opportunity to pursue an immediate appeal to pursue that appeal immediately is not, after all, asking very much.

Two cases cited by the appellant for the contrary proposition, *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, and *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, are, for various reasons, not apposite.

In oral argument, appellant correctly noted that the appellate court below relied on an appellate court decision (*Barnes v. Southern Ry. Co.* (1986), 141 Ill. App. 3d 121) which we subsequently reversed (*Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236). The reversed decision held that an interlocutory appeal from an order of the circuit court denying a motion to dismiss on the

grounds of *forum non conveniens* under Supreme Court Rule 306(a)(1)(ii) will not be tolled by a subsequent motion to reconsider. However, appellant fails to note that our decision in *Barnes* agreed with this holding (see 116 Ill. 2d 236, 241), and we reversed only because we found that the subsequent motion was not truly a motion to reconsider but, in reality, a new motion to dismiss based upon new and independent grounds (116 Ill. 2d 236, 245-47). In *Barnes,* we noted that Rule 306, like Rule 304(a) and unlike Rule 303(a)(1), does not provide for the filing of a motion which would extend the time for filing a timely notice of appeal. Thus *Barnes* actually supports our decision here. See also *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 335 (no toll of interlocutory order under Rule 307).

*Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, is also inapposite. In *Burnicka,* the court held that a motion to reconsider an order granting or denying a section 72 petition (see Ill. Rev. Stat. 1979, ch. 110, par. 72 (now codified as Ill. Rev. Stat. 1985, ch. 110, par. 2—1401)) will toll the running of the time for filing a notice of appeal from that order. (88 Ill. 2d 527, 530-32.) Section 2—1401 orders are made appealable by Supreme Court Rule 304(b)(3). (107 Ill. 2d R. 304(b)(3).) We find *Burnicka* to be inapplicable, for two reasons. First, Rule 304(b)(3), unlike Rule 304(a), neither requires a special finding as a prerequisite to an appeal, nor specifies a special date for the running of the notice of appeal period. Thus, in the absence of any special provision for the timing of the appeal, it is fairly inferable that the timing of a Rule 304(b)(3) appeal is to be governed by Rule 303(a)(1), including its provision for a toll following a post-trial motion. Second, as noted in *Burnicka,* section 2—1401 actions are not simply continuations of previous actions but new causes of action, and therefore parties against whom section 2—1401 judgments have been ren-

dered should enjoy the same appellate rights as all other appellants. A Rule 304(a) appeal, on the other hand, *is* a continuation of a previous action, and a Rule 304(a) appellant, for the reasons noted above, stands on a different footing from other appellants.

Finally, appellant makes several arguments relating to the circuit court judge's exercise of discretion in making a Rule 304(a) finding on his own motion. While these arguments are not advanced very clearly, the appellant is apparently saying that: (1) in the absence of a request for a Rule 304(a) finding, a motion to reconsider should toll the running of the notice of appeal period, since otherwise Rule 304(a) would become a "trap for the unwary," and (2) the circuit court judge abused his discretion by making the Rule 304(a) finding on his own motion and by docket entry rather than in open court, and by recusing himself from the case shortly thereafter. We find no merit in these arguments. Rule 304(a) itself explicitly provides that the circuit court may make the finding on its own motion, and the text of the rule provides no support for the position that the operation of the rule will differ in the absence of a request for the finding. Nor can we agree that our interpretation of the rule constitutes a trap for the unwary.

Since this decision was originally filed, several *amici* have filed briefs arguing that the interpretation of Rule 304(a) which we have adopted in this case should not be applied retroactively. After considering the pertinent precedents, we agree.

It is clear that the court has the inherent power to make its rulings prospective. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 189; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28; see also *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 364, 77 L. Ed. 360, 366, 53 S. Ct. 145, 148) (decision making ruling prospective does

not violate Federal Constitution).) Moreover, this court has stated that a new rule or decision will be given prospective operation whenever injustice or hardship due to justifiable reliance on the overruled decisions would thereby be averted. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 27; see also *Sunich v. Chicago & North Western Transportation Co.* (1985), 106 Ill. 2d 538, 545 (prospective application of intrastate *forum non conveniens*); *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28 (comparative negligence); *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359 (liability for negligent infliction of prenatal injuries).) Thus the question here is whether those parties to whom the interpretation of Rule 304(a) adopted here applies will suffer injustice or hardship by their justifiable reliance on differing interpretations of the rule which prevailed prior to our decision here.

The general test for prospective application has been stated as follows. Whether the rule will be applied prospectively will depend upon whether: "the decision to be applied nonretroactively *** establish[es] a new principle of law, either by overruling clear past precedent on which litigants may have relied [citation], or by deciding an issue of first impression whose resolution was not clearly foreshadowed." (*Board of Commissioners of Wood Dale Public Library District v. County of Du Page* (1984), 103 Ill. 2d 422, 426-27.) If this criterion is met, the question of prospective or retroactive application will be answered by considering: (1) whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and (2) whether prospective application is mandated by the balance of equities. (103 Ill. 2d at 426-27, citing *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 306, 92 S. Ct. 349, 355.)

Application of these principles supports the prospective application of our decision here.

Our decision here resolves "an issue of first impression whose resolution was not clearly foreshadowed" by prior case law. Several prior decisions of the appellate courts suggested, albeit in *dicta* or in passing, that a timely post-trial motion might toll the time for filing a notice of appeal from a Rule 304(a) judgment. (See *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560 (holding that post-trial motion filed more than 30 days after 304(a) filing was untimely, and suggesting that motion filed before 30 days would have tolled time to file notice of appeal); *In re Marriage of Panozzo* (1981), 93 Ill. App. 3d 1085 (holding that post-trial motion made one year after Rule 304(a) finding did not toll time for filing notice of appeal); *Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 467 (holding that *second* post-trial motion will not stay time to appeal from Rule 304(a) order); *Farmar v. Crane* (1975), 32 Ill. App. 3d 383, 391 (holding that plaintiff's appeal was not timely since not filed until more than 30 days after Rule 304(a) finding or within 30 days of disposition of post-trial motion, and suggesting, by inference, that motion so filed would have been timely).) Similarly, interpretations of analogous rules by this court and by the appellate court might have lent some support to the view that a post-trial motion would toll the time to appeal from a Rule 304(a) finding. (Compare *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 531 (post-trial motion tolls time to appeal from dismissal of section 72 petition), with *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 241 (*dictum* that motion to reconsider would not toll interlocutory appeal from *forum non conveniens* order), and *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335 (holding no toll of time to appeal interlocutory order under Rule 307).) A final indication that this result was not clearly

foreshadowed is the decision in *Bradford v. Soto* (1987), 159 Ill. App. 3d 668, which reached a different result than our holding here.

Consideration of the purpose of our holding and the balance of the equities favors a prospective application. The purpose of our holding is to insure that parties contesting piecemeal judgments swiftly prosecute their appeals without engaging in unnecessary delay. In all cases previously decided or now pending the delay caused by the filing of post-trial motions has already taken place. Prospective application will not, therefore, thwart the purpose of the rule. Moreover, retroactive application of the rule would provide appellees who benefit from possibly erroneous piecemeal judgments with the unearned windfall of the dismissal of appeals against them. Conversely, it would unfairly deprive many appellants of an opportunity to have meritorious appeals heard. We believe that these considerations outweigh any prejudice caused to appellees by the unnecessary delay of these appeals.

We therefore hold that our decision will apply prospectively to all cases in which the notice of appeal was filed or due to be filed on or after our decision in this case was first announced, November 16, 1987. However, our decision remains in effect for the parties in the instant case. See *Molitor v. Kaneland* (1959), 18 Ill. 2d 11, 27-28.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

To ensure fair and consistent procedures for parties involved in complex litigation, Supreme Court Rules 304(a) and 303(a) and section 2—1203 of the Code of Civil Procedure must be read and interpreted together.

An analysis of the language and purpose of the Rule 304(a), as well as a review of both State and Federal case law, compels the conclusion that the 30-day time limit for filing a notice of appeal in a case where an order has been entered under Rule 304(a) (with a finding that there is no reason to delay appeal) must run from the date of resolution of any timely post-judgment motions, and not, as the majority holds, from the date of entry of the Rule 304(a) finding.

Rule 304(a) contains no language specifying a period of time following entry of a final judgment order in which a litigant must file a notice of appeal or be barred. That the time limit for filing a notice of appeal under 304(a) is 30 days, however, is uncontested. This time limit is read into Rule 304 from Rule 303, which provides that "the notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from.)" 107 Ill. 2d R. 303(a).

Similarly, although there is no language in 304 explicitly providing for tolling of the period for filing a notice of appeal by the filing of post-judgment motions, the provision allowing tolling by post-trial motions in Rule 303(a) must be read into Rule 304. Rule 303(a) states that, "if a timely post-trial motion directed against the judgment is filed, *** [the notice of appeal must be filed] within 30 days after the entry of the order disposing of the last pending post-trial motion." (107 Ill. 2d R. 303(a).) As noted by Justice McCullough in dissenting from the appellate court decision in this case, " 'Clearly, Rule 303(a) controls the time for filing an appeal, even if the appeal is taken pursuant to entry of [a] Rule 304(a) finding.' [Citation.] Logically, then, the stay provision of Rule 303(a), provided by [the] filing of a timely post-trial motion ***, should also be available for an appeal filed under Rule 304(a)." (149 Ill. App. 3d 307, 314 (McCullough, P.J., dissenting), quoting *Wool v. La Salle*

*National Bank* (1980), 89 Ill. App. 3d 560, 568.) Conversely, if the tolling provisions of Rule 303(a) cannot be read into Rule 304(a), then logically the 30-day time limit in Rule 303(a) also should not be read into Rule 304. Such a mutually exclusive reading of Rules 303 and 304 was obviously not envisioned by the court, however, because if the 30-day time limitation from Rule 303(a) is not read into Rule 304, the time for filing a notice of appeal under Rule 304 is unspecified and unlimited and the Rule 304 language governing notices of appeal becomes unenforceable.

Therefore, in view of the incomplete nature of the rule, the language of Rule 304(a) stating that the "time for filing the notice of appeal shall run from the entry of the required finding" must be viewed as only directory, not mandatory, language, and the tolling provisions of Rule 303(a) should be read into Rule 304(a) along with Rule 303's 30-day time-limit provision. This conclusion is supported by the fact that Rules 303(a) and 304(a) were adopted at the same time, raising the inference that they should be read together and that the drafters intended the time limits and tolling provisions included in Rule 303(a) to suffice for Rule 304.

Our appellate court has consistently interpreted the time for filing a notice of appeal under Rule 304(a) as being tolled by the timely filing of a post-judgment motion. In *Bradford v. Soto* (1987), 159 Ill. App. 3d 668, the court specifically rejected the conclusion of the appellate court majority in the present case. In *Bradford*, the trial court granted defendant's motion to dismiss and made the requisite Rule 304(a) finding that there was no reason to delay appeal of the order on September 12, 1986. Plaintiff then filed a timely motion for rehearing on the motion to dismiss, which the court denied on September 24, 1986. Plaintiff filed a notice of appeal on October 21, 1986, which defendant contested as untimely because it

was not filed within 30 days of the entry of the Rule 304(a) finding on September 12, 1986.

The appellate court held that plaintiff's post-trial motion tolled the period in which plaintiff could file a notice of appeal and therefore that the notice of appeal was timely filed. The court reasoned:

> "Rule 304(a) does not state a time period in which a notice of appeal is to be filed. One must, therefore, look elsewhere for the time or Rule 304(a) would become meaningless. The time limit is found in Rule 303(a), which also provides for a tolling period when a post-trial motion is made. There is no reason to believe that the provisions of Rule 303(a) should be bifurcated when Rule 303(a) is being applied to Rule 304(a) findings. Therefore, we hold that, in accordance with Rule 303(a), the time for filing an appeal after a Rule 304(a) finding is tolled by a post-trial motion." (159 Ill. App. 3d at 672.)

Other appellate court decisions have reached the same conclusion. See *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 568 ("the stay provision of Rule 303(a) provided by the filing of a timely post-trial motion should also be available for an appeal filed under Rule 304(a)"); *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 377-78 (where plaintiff had claim as defined by Rule 304(a), the time for filing of a notice of appeal was extended until 30 days after resolution of the last pending post-trial motion), citing *In re Marriage of Uphoff* (1983), 99 Ill. 2d 90, 95; *In re Marriage of Panozzo* (1981), 93 Ill. App. 3d 1085, 1087 (assuming that if a timely post-trial motion had been made following entry of a judgment and finding under Rule 304(a), a post-trial motion would have stayed the time for filing a notice of appeal); *Bissett v. Gooch* (1980), 87 Ill. App. 3d 1132, 1136 (holding that a notice of appeal from a judgment entered under Rule 304(a) was timely because post-trial motions had been filed); *Farmar v. Crane* (1975), 32 Ill.

App. 3d 383, 391 (where orders were entered under Rule 304(a) with express findings that there was no reason to delay appeal, "[p]ursuant to the time limitations in Supreme court [Rule] 303(a) [citation], plaintiff should have appealed those orders within 30 days after the entry of the court's finding *or* within 30 days of the disposition of her post-trial motion relating to those orders" (emphasis added)).

Federal law also supports the conclusion that a timely post-judgment motion tolls the time for filing a notice of appeal. As the majority notes, Rule 304(a) was patterned on Federal Rule of Civil Procedure 54(b), and the Illinois rule "expressly adopts the federal practice." (See Ill. Ann. Stat., ch. 110A, par. 304(a), Historical and Practice Notes, at 166 (Smith-Hurd 1985).) Under the Federal rule, in both "civil and criminal cases, the running of [the time to file a notice of appeal] is automatically suspended upon the timely filing in the district court of specified types of post-decisional motions ***. Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment." (16 C. Wright & A. Miller, Federal Practice and Procedure §3950, at 364 & n.7 (1977); see also 9 J. Moore, Federal Practice par. 204.12(a) (1987) ("Any motion that draws into question the correctness of the judgment *** will postpone the time for appeal if the motion was timely made").) This rule applies to final judgments rendered under Rule 54(b) in multiparty or multiclaim litigation with a finding that there is no reason to delay appeal. (See, *e.g.*, *Griggs v. Provident Consumer Discount Co.* (1982), 459 U.S. 56, 74 L. Ed. 2d 225, 103 S. Ct. 400 (*per curiam*) (where a final order of summary judgment had been rendered under Rule 54(b), a notice of appeal was not properly filed until an order disposing of a post-judgment motion to alter or amend the judgment had

been entered); *Stephenson v. Calpine Conifers II, Ltd.* (9th Cir. 1981), 652 F.2d 808, 811 (filing motion for review of summary judgment entered under Rule 54(b) extended the time for filing a notice of appeal to within 30 days after the resolution of the motion for review).) Under current Federal practice, after entry of a finding that a judgment is final and appealable, the timely filing of a post-judgment motion to reconsider—such as the one filed in this case—would toll the running of the time for filing a notice of appeal until the motion to reconsider had been resolved by the trial court. There is no reason why the Illinois rule, which is based on the Federal rule and serves precisely the same function, should be interpreted in a vastly different way.

Moreover, requiring immediate appeal after entry of a Rule 304(a) finding does not substantially further the dual purposes underlying the rule as defined by the majority: to avoid unnecessary appeals while permitting some appeals before final disposition of the case and to enable litigants to determine with certainty when a judgment is appealable. Application of the majority's interpretation results in no fewer appeals, nor does it somehow weed out more unnecessary appeals. Neither does it make any more certain when a judgment is appealable. The entry of a finding of no reason to delay appeal under Rule 304(a) seals the certainty of a litigant's right to appeal. Whether that litigant must file a notice of appeal immediately or may wait until after resolution of post-trial motions has absolutely no effect on the certainty of the litigant's right to appeal.

The majority's suggestion that allowing post-judgment motions to toll the running of the time for appeal would cause confusion concerning the timing for filing notices of appeal under Rule 304(a) is equally without merit. The courts have had no trouble in determining when the time for filing a notice of appeal begins to run

under Rule 303(a). Simply put, in order to preserve the right to appeal a litigant must file a post-judgment motion or a notice of appeal within 30 days of the final judgment. If a post-judgment motion is filed within the first 30 days after entry of the final judgment, the 30 days given for filing a notice of appeal does not begin to run until the date that the post-judgment motion is resolved. Similarly, in cases where a finding under Rule 304(a) had been made by the trial court, a notice of appeal would have to be filed 30 days from the entry of the finding unless a post-judgment motion was filed during those 30 days, in which case the party would have from 30 days from the resolution of the post-judgment motion to file the notice of appeal.

In addition, allowing a notice of appeal to be filed within 30 days after the resolution of a post-judgment motion would not substantially increase the delay in resolution of the issue or claim appealed. Under section 2–1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2–1203(a)), post-judgment motions must be made within 30 days after entry of judgment. Successive post-trial motions are not allowed and would not extend the time for filing a notice of appeal. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259.) Thus, by filing a post-judgment motion after the entry of a finding under Rule 304(a), a litigant would delay the appeal process by 30 days at most. This short delay, plus whatever time is taken by the trial court in ruling on the motion, is a small price to pay for a possible resolution of the controversy without involving the appellate court. This court has frequently emphasized the importance of affording the trial court the opportunity to reconsider its own rulings before involving the appellate court. I see no reason to depart from this policy under the circumstances of this case.

Moreover, the majority's interpretation of Rule 304(a) leads to undesirable results. Requiring a litigant to file a notice of appeal within 30 days of the entry of a Rule 304(a) order regardless of the status of post-judgment motions will in many cases render the filing of those motions meaningless. For example, under the majority's interpretation, if a final judgment order is entered on July 1 which includes a finding under 304(a) that there is no reason to delay appeal, the litigant must file a notice of appeal by July 31 or forever be barred from appeal on that claim or issue. If the litigant wishes to file post-judgment motions after July 1, he or she may do so, but if the court has not ruled on these motions by July 31, the litigant must proceed with the filing of a notice of appeal or be barred forever from appeal. The filing of the notice of appeal, however, will divest the trial court of jurisdiction over the post-judgment motions,[1] thereby rendering them moot. Therefore, the new rule adopted by the majority absolutely limits the time for preparation, filing and resolution of all post-judgment motions in cases where a Rule 304(a) finding has been entered to 30 days. Depending on the size and complexity of the case, this limit could prove a substantial burden for both the litigants and the court. To place this burden on a litigant seems especially unfair where, as here, the litigant never asked for the final judgment ruling under 304(a), but the court rendered the ruling *sua sponte.*

---

[1]The conclusion of the appellate court on the jurisdictional issue—that entry of a final judgment by the trial court which includes a finding under 304(a) that there is no just reason to delay enforcement or appeal divests the trial court of jurisdiction over the cause—is erroneous. Although the 304(a) finding is a necessary precondition for an appeal, it is well-settled that the filing of a timely notice of appeal is the act which divests the trial court of jurisdiction. See *Lombard v. Elmore* (1986), 112 Ill. 2d 467, 471-72, citing *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538; *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433.

In addition, the rule adopted by the majority unfairly discriminates against litigants involved in multiparty or multiclaim litigation. There is no reason to place greater time restrictions on these litigants or to limit their rights to make post-judgment motions than litigants involved in less complex matters. It is fundamentally unfair to make litigants in complex litigation pay for the right to an immediate appeal by giving up or severely restricting their right to have the trial court consider post-judgment motions. Again, this is particularly true where, as here, the appellants did not seek the "rare opportunity" of pursuing an immediate appeal under a Rule 304(a) finding, but where such an opportunity was thrust upon them by the court's *sua sponte* action.

Finally, the majority's holding creates a procedural trap for the unwary litigant. In a judicial system it is desirable so far as possible to have uniform times for filing notices of appeal regardless of the type of judgment that is being appealed from. Consistent and uniform application of time restrictions for filing appeals avoids confusion, aids parties in preparing and trying their cases, and promotes the efficient administration of justice. As interpreted by the majority, the time restrictions for filing notices of appeal under Rules 303 and 304 are to be enforced in a widely divergent matter. Therefore, in order to avoid confusion and assure consistency in the application of Rules 303 and 304 we should, at the very least, now amend Rule 304(a) in order to (1) include a 30-day time limitation for filing a notice of appeal and (2) make explicit that post-judgment motions will not toll the running of the 30-day period.

For these reasons, I believe that appellant's notice of appeal, filed within 30 days of the resolution of their timely post-judgment motion, was also timely, and I therefore respectfully dissent.