MOSTARDI-PLATT ASSOCIATES, INC., Plaintiff-Appellee, v. AMERICAN TOXIC DISPOSAL, INC., Defendant-Appellant.

First District (5th Division)   No. 1—87—3255

Opinion filed March 31, 1989.

John O. Tuohy, of Chicago, for appellant.

John R. Doyle and James R. Pranger, both of McDermott, Will & Emery, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

American Toxic Disposal, Inc. (A.T.D.), defendant, appeals from three orders of the circuit court of Cook County in a case involving a settlement agreement and an installment note. Mostardi-Platt Associates, Inc. (M-P), plaintiff, was the recipient of the installment note and party to the settlement agreement. The matter still pends in the trial court on A.T.D.'s counterclaim against M-P. The three orders appealed from are (1) a January 16, 1987, order granting M-P's motion for summary judgment; (2) an April 8, 1987, order denying A.T.D.'s motion to reconsider the order of January 16, 1987, granting M-P's motion for summary judgment; and (3) an October 19, 1987, order denying A.T.D.'s motion to stay enforcement of the January 16, 1987, order granting M-P's summary judgment.

A.T.D.'s notice of appeal was not filed until October 26, 1987, more than six months after the April 8, 1987, order denying A.T.D.'s motion to reconsider the January 16, 1987, order granting M-P's sum-

mary judgment, but eight days after the trial court's order of October 19, 1987, denying A.T.D.'s motion to stay enforcement of the summary judgment M-P obtained on January 16, 1987.

We are, initially, met with M-P's charge that the court has no jurisdiction of the cause because of the lateness of A.T.D.'s notice of appeal.

■ Previously, we denied M-P's motion to dismiss A.T.D.'s appeal based on the modification of the supreme court's opinion in *Elg v. Whittington* (1988), 119 Ill. 2d 344, 518 N.E.2d 1232. In that case the Illinois Supreme Court held that a timely filed motion to reconsider does not toll the time (30 days) to appeal from an order made appealable pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) by inclusion of the language "there is no just reason to delay the enforcement and appeal of this order." Under that supreme court rule, an order like the trial court's order in this case of January 16, 1987, granting M-P's motion for summary judgment, became appealable by inclusion of the language "there is no just reason to delay the enforcement and appeal of this order." (107 Ill. 2d R. 304(a).) As a general rule of appellate law, an order like the trial court's of January 16, 1987, that disposed of only part of a controversy between parties is not final or appealable until the entire controversy is disposed of. Supreme Court Rule 304(a) creates an exception to this general rule of appellate procedural law by permitting appeals from trial court orders that only dispose of a portion of the controversy between parties. That exception arises when a trial judge (as in the present case) makes an express finding that there is no just reason to delay the enforcement or appeal of the otherwise nonfinal order. (107 Ill. 2d R. 304(a).) Prior to *Elg v. Whittington* (1988), 119 Ill. 2d 344, 518 N.E.2d 1232, there appeared to be some confusion in appellate procedure as to whether a motion to reconsider an otherwise nonfinal order made appealable by Supreme Court Rule 304(a) tolled the time for an appeal from the order until the motion to reconsider was ruled on. In *Elg,* the supreme court clarified the effect of a motion to reconsider such an order that did not dispose of the entire controversy between parties, but did contain the language of Supreme Court Rule 304(a) that there is no just reason to delay the enforcement or appeal of the otherwise nonappealable order. The court in its original opinion filed November 16, 1987, held that a timely filed motion to reconsider such an order did not toll the time for appealing the order. In a modified opinion issued on February 11, 1988, denying a petition for rehearing, the court held that its ruling was to be applied only to cases in which the notice of appeal was to be filed or due to be filed on or after its

decision was first announced (November 16, 1987).

■ In this case the January 16, 1987, order granting M-P's motion for summary judgment did contain the language "there is no just reason to delay the enforcement or appeal" of the order. If the rule announced in the supreme court's original opinion in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, were applied here, A.T.D.'s notice of appeal would have to have been filed 30 days after its issuance on January 16, 1987, and A.T.D.'s timely motion to reconsider would not toll the time to appeal. However, under the supreme court's modified opinion in *Elg,* the rule was made prospective only from the date of November 16, 1987. Thus, A.T.D.'s motion to reconsider tolled the time for appeal until the time the trial court ruled on the motion. The trial court did rule on A.T.D.'s motion to reconsider by denying it on April 8, 1987. A.T.D. now seeks to have this court hold that the prospective application of the *Elg* decision should be extended until October 19, 1987, the date the court denied A.T.D.'s motion to stay enforcement of its January 16, 1987, order granting summary judgment to M-P, pending the resolution of A.T.D.'s still pending counterclaim.

To adopt A.T.D.'s novel argument would be contrary to the reasoning in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, and contrary to settled law on the subject. For example, our supreme court has held that successive post-trial motions are not allowed and would not extend the time for filing a notice of appeal. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.) As the court stated in *Sears*:

> "A motion not filed within 30 days after the judgment (or any extension allowed) is not 'timely' within the meaning of that word as used in Rule 303(a); and an untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal." *Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N.E.2d 610.

The motion seeking to stay the enforcement of the January 16, 1987, judgment was neither a timely motion nor did it attack either the January 16, 1987, summary judgment or the April 8, 1987, order denying A.T.D.'s motion to reconsider. Thus, even under the *Elg* case, the motion to stay enforcement of the January 16, 1987, motion filed in October 1987, did not have the effect of tolling the time requirements of the supreme court rule relating to appeals from trial court orders. 107 Ill. 2d R. 303(a).

Accordingly, A.T.D.'s appeal from the orders of January 16, 1987, and April 8, 1987, are dismissed as untimely, no notice of appeal hav-

ing been filed from those orders within the 30 days required by Supreme Court Rules 303 and 304. 107 Ill. 2d Rules 303, 304.

The order of October 19, 1987, denying A.T.D.'s motion to stay enforcement of the January 16, 1987, order until the counterclaim is disposed of is properly before this court since the notice of appeal from that order was filed on October 26, 1987, within 30 days of its entry.

The Illinois Code of Civil Procedure authorizes a trial court to set off judgments between the same parties, one against the other. (Ill. Rev. Stat. 1987, ch. 110, par. 12—176.) These set-off provisions are derived, not only from the State, but the inherent powers of a court over the enforcement of its judgments. (*Adam Martin Construction Co. v. Brandon Partnership* (1985), 135 Ill. App. 3d 324, 481 N.E.2d 962.) Although A.T.D. moved to stay the enforcement of M-P's summary judgment pending a resolution of its counterclaim, it suggests no legal reason or record as to why the trial judge erred in denying its motion. With no record or suggestion by the defendant, A.T.D., as to terms of its requested stay that are just as to both A.T.D. and M-P, this court cannot conclude on this record that the trial judge improperly refused to exercise its inherent power to stay the judgment. Accordingly, we affirm the trial court's order of October 19, 1987, denying a stay of enforcement.

For the above reasons, the appeals from the order granting M-P's summary judgment (the January 16, 1987, order and the order denying reconsideration, April 8, 1987) are dismissed as untimely, no notice of appeal having been filed within 30 days as required by the rules of the supreme court. The order of October 19, 1987, denying a stay of enforcement is affirmed.

Dismissed in part, and affirmed in part.

PINCHAM and COCCIA, JJ., concur.